IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHREE VEER CORPORATION and<br>CHIEF HOSPITALITY, LLC, ON<br>BEHALF OF THEMSELVES AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiffs,<br>v.<br><br>OYO HOTELS, INC.,<br><br>           Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:20-cv-03268-L** |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rules 12(b)(6) and 9(b) (Doc. 14), filed on December 22, 2020. After careful consideration of the motion, brief, response, reply, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiffs' fraud by nondisclosure and, jointly pled, fraud and fraudulent inducement claims brought against Defendant on behalf of themselves and putative class members, and **grants** Plaintiffs leave to amend their Frist Amended Complaint. The amended pleadings must be filed by **October 14, 2021**.

### I.     Factual and Procedural Background

On October 28, 2020, Defendant OYO Hotels, Inc. ("OYO" or "Defendant") removed this action filed by Shree Veer Corporation ("Shree Veer") and Chief Hospitality, LLC ("Chief Hospitality") (collectively, "Plaintiffs") to federal court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, and alternatively under § 1332(d)(2). Plaintiffs' action, filed on behalf of themselves and a Putative Class, arises out of a contract dispute between the parties and OYO's alleged fraudulent inducement, misrepresentations, and nondisclosure. First, Plaintiffs contend that Defendant

breached its contracts with them "by, at a minimum, improperly withholding the guaranteed revenue payments required by the contracts between each Plaintiff and Defendant." Pl.'s First Am. Compl. 10, ¶ 31.

Second, they contend that OYO committed fraud by nondisclosure causing them injury when it "partially disclosed [] information to Plaintiffs" through Defendant's CEO, Mr. Ritesh Agarwal ("Mr. Agarwal") including, but not limited to:

> a. Defendant's sophisticated revenue management and guest stay booking software platforms would increase the property owners' business;
> b. Defendant's guest stay booking algorithms and revenue modeling tools were state-of-the-art and drew on data and sophisticated modeling from hotel operations around the world and were developed using the best artificial intelligence and/or machine learning talent and resources available anywhere;
> c. Defendant's software was incomparable and bolstered by Defendant's employment of over two thousand software engineers around the world that continually optimize the revenue management and booking software;
> d. Defendant's revenue management and booking software mechanisms were so accurate that Defendant could predict, down to the dollar, major revenue growth for each hotel that entered into an agreement with Defendant (which would allow Defendant to offer the guaranteed revenue agreement more fully described below);
> e. The opportunity to work with Defendant (by converting their properties to OYO-branded hotels) was infallible because even if Defendant's revenue management and booking software did not operate as promised and could not yield the guaranteed revenue, Plaintiffs and all other prospective franchisees could rely on the contractual guaranteed minimum revenue as backstop mechanism.[1]

*Id.* 12, ¶¶ 34-38.

Third, Shree Veer and Chief Hospitality contend that OYO committed common law fraud and fraudulent inducement because it knew the statements above and a statement in a March 27,

---

[1] The court will reference these statements collectively as the "Agarwal Statements."

**Memorandum Opinion and Order - Page 2**

2020[2] letter Plaintiffs received from Defendant "[r]epresenting Plaintiffs' available rooms to be 'unavailable' because of the COVID-19 pandemic." *Id.* at 14, ¶ 45b; *see id.* at 13-14, ¶¶ 43-45. On November 17, 2020, Defendant OYO filed its motion to dismiss Plaintiffs' original petition. In response, Plaintiffs filed their First Amended Complaint on December 8, 2020. On December 22, 2020, Defendant OYO filed its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(6) and 9(b).

In 2019, Defendant OYO began its market expansion into the United States. *Id.* at 2, ¶ 8. OYO's basic business model relied on "[s]uccessfully inducing small, independent-minded hotel property owners to re-open as an *OYO-franchised* hotel." *Id.* at 3, ¶ 9 (emphasis in original). As part of its expansion strategy, in June or July 2019, OYO held a meeting in San Francisco, California, for small and independent hotel property owners, including Plaintiffs' representative, where Mr. Agarwal "used this captive audience opportunity to make affirmative representations about the quality of their business model and specifically about the sophistication and superiority of Defendant's revenue management and guest stay booking software platforms." *Id.* at 4, ¶ 13. Plaintiffs contend that Mr. Agarwal's statements at this meeting—the Agarwal Statements—were fraudulent and "an attempt to induce small or independent property owners [including Plaintiffs] to hand control over all bookings and revenue management over to Defendant by entering into contracts similar to those signed by Plaintiffs." *Id.* ¶ 14. OYO also established a Minimum Revenue Guarantee Mechanism ("Revenue Guarantee") as an incentive to guarantee a minimum revenue margin for newly franchised properties. *See id.* at 5, ¶ 15. According to Plaintiffs, by late 2019, these guarantees turned out to be more than OYO could maintain, so "it was forced to offer

---

[2] As Defendant OYO correctly points out, Plaintiffs mistakenly and repeatedly refer to this letter in their First Amended Complaint as "the April 2, 2020 letter." *E.g.*, Pl. First Am. Compl. 8, ¶ 26; 14, ¶ 45b. *The letter is in fact dated March 27, 2020. Pl. First Am. Compl., Ex. 3.*

**Memorandum Opinion and Order - Page 3**

rooms at up to 75% discounts in order to achieve the online engagement from prospective hotel guests it was targeting," which affected the hotels' clientele and negatively impacted, consequently, Plaintiffs' businesses. *Id.* at 6-7, ¶¶ 20-21.

When the World Health Organization declared COVID-19 a global pandemic, Defendant OYO informed Plaintiffs in its March 27, 2020 letter that "legal orders and other developments related to the Coronavirus (COVID-19) crisis makes the guest rooms of your OYO hotel 'unavailable'" under the contracts and it would therefore suspend the Revenue Guarantee. *Id.* at 7, ¶ 23; *id.*, Ex. 3. Plaintiffs contend that their rooms were not "unavailable" or, in the alternative, the word "unavailable" in the contracts is ambiguous. *Id.* at 8, ¶¶ 24-25. Between April 2020 and September 2020, OYO withheld Revenue Guarantee payments from Chief Hospitality and Shree Veer, totaling $769,500 and $329,059, respectively. *Id.* at 8-9, ¶ 26; *see id.*, Ex. 1 at 6; Ex. 2 at 6. According to Plaintiffs, Defendant Oyo "quietly and fraudulently sought to force their franchisees to bear the financial losses and the associated risks that were contractually allocated to OYO in the entirely foreseeable scenario of reduced travel and tourism." *Id.* at 9, ¶ 27.

Defendant contends that Plaintiffs' second claim regarding fraud by nondisclosure and third claim regarding fraud and fraudulent inducement should each be dismissed for failure to "plead facts with requisite particularity to establish their claims as required by Rule 9(b)."[3] Def. Br. in Supp. of Mot. to Dismiss Pl. First Am. Compl. ("Def. Br. in Supp. of Mot.") 17, 23. Moreover, Defendant OYO contends that Plaintiffs' Response does not address its arguments that

---

[3] Defendant OYO originally moved to dismiss Plaintiffs' first claim regarding breach of contract, but ultimately withdrew this motion in its Reply. Def. Reply Br. in Supp. of Mot. to Dismiss Pl. First Am. Compl. ("Def. Reply Br. in Supp. of Mot.") 1. As such, the court will not address this claim, and it remains part of this action.

**Memorandum Opinion and Order - Page 4**

they failed to plead facts to support each element of their fraud claims. Def. Reply Br. in Supp. of Mot. 2, 5.

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court

deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.     Rule 9(b) - Heightened Standard for Pleading Fraud

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

## IV.  Discussion

### A.  Introduction

"Fraud by non-disclosure is simply a subcategory of fraud because, whe[n] a party has a duty to disclose, the non-disclosure may be as misleading as a positive misrepresentation of facts." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To state a claim for fraud by nondisclosure, plaintiffs must set forth allegations from which the court can reasonably infer that:

> (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the nondisclosure, which resulted in injury.

*CBE Group, Inc. v. Lexington Law Firm*, 993 F.3d 346, 353 (5th Cir. 2021) (citing *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219-20 (Tex. 2019)).  Texas law recognizes "two types of common-law fraud: (1) simple fraud, also known as fraudulent misrepresentation, and (2) fraudulent inducement." *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 660 (W.D. Tex. 2019).  To state a claim of common law fraud under Texas law, a plaintiff must set forth allegations from which the court can infer: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  "Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof."

*Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 304 (5th Cir. 2021) (citation omitted); *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). For the reasons that follow, the court determines that Plaintiffs have met the heightened pleading standard under Federal Rule of Civil Procedure 9(b) but failed to meet the pleading standard under Rule 12(b)(6).

### B.     Fraud by Nondisclosure

Plaintiffs allege that Defendant OYO committed fraud by non-disclosure when it made partial disclosures through the Agarwal Statements to their representative. Pl. First Am. Compl. 11, ¶ 37. Shree Veer and Chief Hospitality also contend that OYO's deliberate silence and partial disclosure created a false impression that "their occupancy and revenues would significantly increase based on the use of Defendant's purportedly world-class revenue management and booking software." *Id.* at 11, ¶ 36; 12 ¶ 38. According to Plaintiffs, this partial disclosure was necessary to induce small businesses to quickly sign with Defendant, as part of its expansion strategy. *Id.* ¶ 39. To survive Defendant OYO's motion to dismiss pursuant to Rule 9(b), Plaintiffs must allege adequate facts with particularity to support their allegation that Defendant committed fraud. Defendant contends that Plaintiffs have failed to meet this burden. *See* Def. Br. in Supp. of Mot. 23. In accordance with Rule 9(b), however, Plaintiffs have pleaded facts with particularity as to "the who, what, when, where, and how" of the alleged fraud. *See Williams*, 112 F.3d at 179. Plaintiffs allege that OYO's CEO, Mr. Agarwal (the "who"), made partial disclosures through the Agarwal Statements (the "what") in June or July of 2019 (the "when") at a meeting attended by Plaintiffs' representative in San Francisco, California (the "where"), in "an attempt to induce small or independent property owners [including Plaintiffs] to hand control over all bookings and revenue management over to Defendant by entering into contracts similar to those signed by Plaintiffs" (the "how"). Pl. First Am. Compl. 4-5, ¶¶ 12-14. The court determines that Plaintiffs

have pleaded facts with particularity to satisfy Rule 9(b). Plaintiffs, however, must still satisfy pleading requirements under Rule 12(b)(6).

To survive OYO's motion to dismiss pursuant to Rule 12(b)(6), Shree Veer and Chief Hospitality must set forth sufficient allegations to support an inference that (1) OYO deliberately failed to disclose material facts; (2) OYO had a duty to disclose such facts to Plaintiffs and the Putative Class; (3) they were ignorant of the facts and did not have an equal opportunity to discover them; (4) Defendant OYO intended Plaintiffs and the Putative Class to act or refrain from acting based on the nondisclosure; and (5) they relied on the nondisclosure, which resulted in injury. *See CBE Group, Inc.*, 993 F.3d at 353. As Defendant OYO states, "Plaintiffs have [] failed to plead facts to support each element of a fraud by nondisclosure claim." Def. Br. in Supp. of Mot. 24. The court agrees for the reasons stated by Defendant OYO that Plaintiffs have not adequately pleaded facts in accordance with Rule 12(b)(6) to support their claim that Defendant committed fraud by non-disclosure. *See id.* at 24-25; Def. Reply Br. in Supp. of Mot. 1-2. Conclusory allegations are not a sufficient basis for a court to draw inferences. *See Phillips*, 401 F.3d at 642. Plaintiffs must plead allegations with such specificity that the court can reasonably infer each element of their fraud by nondisclosure claim. Although Shree Veer and Chief Hospitality have met their burden under Rule 9(b), they must still set forth sufficient allegations from which the court can reasonably infer that OYO committed fraud by nondisclosure.

### C.     Fraud and Fraudulent Inducement

Plaintiffs contend that the Agarwal Statements constitute "Defendant's fraudulent statements and fraudulent inducements." Pl. First Am. Compl. 13-14, ¶ 45. They allege that Defendant knew these statements were false at the time Mr. Agarwal made them, OYO intended Plaintiffs to rely on the statements, and Plaintiffs did in fact rely on the statements to their

**Memorandum Opinion and Order - Page 10**

detriment. *Id.* ¶ 44. Similarly, Shree Veer and Chief Hospitality also contend that OYO's statement in its March 27, 2021 letter that rooms at their hotels were "unavailable" due to the COVID-19 pandemic was a "fraudulent statement[] and fraudulent inducement[]." *Id.* at 14, ¶ 45b. For the reasons stated above, Plaintiffs met their burden under Rule 9(b), but they must still plead adequate facts to survive Defendant's motion to dismiss pursuant to Rule 12(b)(6) regarding their joint fraud and fraudulent inducement claim.

To survive this motion to dismiss, Shree Veer and Chief Hospitality must set forth sufficient facts to support an inference that (1) OYO made a material misrepresentation (2) that was false, (3) OYO made the misrepresentation with knowledge of its falsity or recklessness as to its truth, (4) it made the misrepresentation with the intention that it should be acted upon by Plaintiffs, and the Putative Class, (5) it was relied upon by them, and (6) caused them injury. *See TXU Corp.*, 565 F.3d at 212. Plaintiffs have failed to plead adequate facts from which the court can draw an inference that supports each element of their common law fraud claim. Again, conclusory allegations are insufficient. *See Phillips*, 401 F.3d at 642. Plaintiffs must plead allegations with such specificity that the court can reasonably infer each element of their common law fraud claim. The court, thus, agrees for the reasons stated by Defendant OYO that Plaintiffs have not adequately pleaded facts in accordance with Rule 12(b)(6) to support their common law fraud claim. *See id.* at 17-23; Def. Reply Br. in Supp. of Mot. 3-8.

**V.      Amendment of Pleadings**

In response to Defendant OYO's motion to dismiss, Plaintiffs did not request to amend their pleadings in the event the court determined that they failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a

**Memorandum Opinion and Order - Page 11**

party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Prior to a ruling from the court, Plaintiffs previously filed an amended complaint in response to Defendant's motion to dismiss their original petition. The court determines that Defendant OYO will not suffer undue prejudice if Plaintiffs are permitted to amend their pleadings. Therefore, Plaintiffs will be permitted to amend their pleadings with respect to their fraud claims against Defendant. In repleading any claim, Plaintiffs must plead sufficiently in accordance with standards set forth in sections II and III of this opinion.

## VI. Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rules 12(b)(6) and 9(b) (Doc. 14), and **allows** Plaintiffs to **amend** their First Amended Complaint by **October 14, 2021**. If the amended pleading fails to cure the deficiencies noted by the court, Plaintiffs' claims of fraud by nondisclosure and common law fraud will be dismissed with prejudice pursuant to Rule 12(b)(6).

**It is so ordered** this 30th day of September, 2021.

Sam A. Lindsay
United States District Judge