**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION and CHIEF HOSPITALITY, LLC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** <br> **Plaintiffs,** | § | **CIVIL ACTION NO. 3:20-cv-03268-L** |
| **v.** | § | |
| **OYO HOTELS, INC.,** <br> **Defendant.** | § | |

---

**DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant OYO Hotels, Inc. ("OYO" or "Defendant") respectfully moves to dismiss the fraud-based claims asserted against it by Plaintiffs in Plaintiffs' Second Amended Complaint [ECF No. 21] on behalf of themselves in Counts B and C and on behalf of the Putative Class in Class Counts B and C (Second Amended Complaint ¶¶ 34-46 (Counts B & C); ¶¶ 88-104 (Class Counts B & C)) pursuant to Rule 12(b)(6) with prejudice to their refiling.

In support of this Motion, Defendant relies on its Brief in Support of Its Partial Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Brief in Support"). As set forth therein, the Court should dismiss all of the fraud-based claims asserted in Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

With respect to the claims for fraud and fraudulent inducement (which are jointly plead) on behalf of Plaintiffs and the Putative Class, Plaintiffs again fail to meet the pleading requirements of Rule 12(b)(6) because they failed to plead sufficient facts to support the existence of any actionable false misrepresentations, the required elements of scienter, or detrimental reliance. Instead, Plaintiffs offer only threadbare hornbook law recitals that do not satisfy the pleading requirements of Rule 12(b)(6).

Additionally, Plaintiffs' fraud by nondisclosure claim does not meet the pleading requirements of Rule 12(b)(6) as Plaintiffs failed to plead facts that are sufficient to identify any allegedly non-disclosed or missing facts, any duty of disclosure, or reliance upon the unstated allegedly non-disclosed facts. Simply put, as pled, neither OYO nor the Court has notice as to what omissions or conduct Plaintiffs' and the Putative Class's fraud by nondisclosure claims are based upon.

Finally, Plaintiffs tort claims for fraud, fraudulent inducement, and fraud by non-disclosure claims should be dismissed those claims as they are barred by the economic loss doctrine.

WHEREFORE, for all of the reasons set forth fully in the Brief in Support, Defendant respectfully requests that the Court dismiss the fraud-based claims asserted against it in Plaintiffs' Second Amended Complaint with prejudice and grant Defendant such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: November 3, 2021.

Respectfully submitted,

*/s/ Meagan Martin Powers*______
Meagan Martin Powers
State Bar No. 24050997
Katherine M. Anand
State Bar No. 24050223
M. Angelita Delgadillo
State Bar No. 24072507
**MARTIN POWERS & COUNSEL, PLLC**
600 E. John Carpenter Freeway, Suite 234
Irving, Texas 75062
Telephone: (214) 612-6474
Facsimile: (214) 247-1155
meagan@martinpowers.com
katie@martinpowers.com
angelita@martinpowers.com

**ATTORNEYS FOR DEFENDANT
OYO HOTELS, INC.**

## Certificate of Service

I hereby certify that on November 3, 2021, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

*/s/ M. Angelita Delgadillo*
M. Angelita Delgadillo