**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION and CHIEF HOSPITALITY, LLC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| | § | **CIVIL ACTION NO. 3:20-cv-03268-L** |
| **Plaintiffs,** | § | |
| **v.** | § § | |
| **OYO HOTELS, INC.,** | § § | |
| **Defendant.** | | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND CLASS ACTION**

COMES NOW, Defendant OYO Hotels, Inc. ("OYO" or "Defendant"), by and through its counsel, and in response to the Second Amended Complaint and Class Action filed by Plaintiffs Shree Veer Corporation ("Shree Veer") and Chief Hospitality, LLC ("Chief Hospitality"), on behalf of themselves and a putative class (collectively "Plaintiffs"), respectively states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted, OYO denies each and every allegation in Plaintiffs' Second Amended Complaint and Class Action (the "Complaint"), including, without limitation, any allegations contained in the preamble, prayer, headings, and subheadings. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. OYO expressly reserves the right to seek to amend and/or supplement this Answer, Defenses, and Affirmative Defenses, as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS IN THE COMPLAINT

## I.

## AUTHORITY TO FILE AMENDED PLEADING

1. OYO admits that Plaintiffs filed the Second Amended Complaint and Class Action. Otherwise, the allegations contained in Paragraph 1 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## II.
## PARTIES

2. OYO denies the allegations in Paragraph 2.

3. OYO admits the allegations in Paragraph 3.

4. OYO admits that it is a Delaware corporation. OYO admits that its principal place of business is located in Dallas, Texas. Otherwise, the allegations contained in Paragraph 3 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## III.
## STATEMENT OF FACTS

5. OYO denies that Plaintiffs are entitled to relief on any cause of action; otherwise, the statements contained in Paragraph 5 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

6. OYO admits that it is one of the largest and fastest-growing hospitality brands in the world. OYO denies all remaining allegations contained in Paragraph 6.

7. OYO admits that in 2019 OYO targeted the United States hospitality industry market. OYO denies all remaining allegations contained in Paragraph 7.

8. OYO denies the allegations contained in Paragraph 8.

9. OYO admits that the Wall Street Journal article states what it states.

10. OYO denies the allegations contained in Paragraph 10.

11. OYO is without sufficient information at this time to admit or deny the allegations contained in Paragraph 11 and on that basis, deny the same.

12. OYO is without sufficient information at this time to admit or deny the allegations contained in Paragraph 12 and on that basis, deny the same.

13. OYO denies the allegations contained in Paragraph 13 and in Paragraph 13's subparagraphs.

14. OYO denies the allegations contained in Paragraph 14.

15. OYO denies the allegations contained in Paragraph 15.

16. OYO denies the allegations contained in Paragraph 16.

17. OYO denies the allegations contained in Paragraph 17. Further answering, OYO states that any agreement it entered into with a hotel owner states what it states.

18. OYO admits that it entered into the certain Marketing, Consulting and Revenue Agreement Chief Hospitality and the certain Marketing, Consulting and Revenue Management Agreement with Shree Veer. Further answering, OYO states that the agreements it entered into with Plaintiffs were not franchisor/franchisee agreements. OYO denies all remaining allegations contained in Paragraph 18.

19. OYO denies the allegations contained in Paragraph 19.

20. OYO denies the allegations contained in Paragraph 20.

21. OYO denies the allegations contained in Paragraph 21.

22. OYO denies the allegations contained in Paragraph 22.

23. OYO denies the allegations contained in Paragraph 23.

24. OYO states that the language quoted in Paragraph 24 is not the letter that appears as Exhibit 3 to the Complaint. Further answering, OYO states that the letter attached to the Complaint as Exhibit 3 states what it states. Further answering, OYO denies all remaining allegations contained in Paragraph 24 and in the footnote to Paragraph 24.

25. OYO denies the allegations contained in Paragraph 25.

26. OYO denies the allegations contained in Paragraph 26.

27. OYO denies the allegations contained in Paragraph 27 and in Paragraph 27's subparagraphs.

28. OYO denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## IV.
## CAUSES OF ACTION

### Count A – Breach of Contract

30. Responding to Paragraph 30, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein. Further answer, OYO states that the allegations contained in Paragraph 30 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

31. The allegations contained in Paragraph 31 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

32. The allegations contained in Paragraph 32 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

33. The allegations contained in Paragraph 33 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

**Count B – Fraud by Nondisclosure**

34. Responding to Paragraph 34, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein. Further answer, OYO states that the allegations contained in Paragraph 34 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

35. The allegations contained in Paragraph 35 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

36. The allegations contained in Paragraph 36 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

37. The allegations contained in Paragraph 37 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

38. The allegations contained in Paragraph 38 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

39. The allegations contained in Paragraph 39 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

40. The allegations contained in Paragraph 40 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

41. The allegations contained in Paragraph 41 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

42. The allegations contained in Paragraph 42 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

**Count C – Fraud and Fraudulent Inducement**

43. Responding to Paragraph 43, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein. Further answer, OYO states that the allegations contained in Paragraph 43 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

44. The allegations contained in Paragraph 44 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

45. The allegations contained in Paragraph 45 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

46. The allegations contained in Paragraph 46 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## V.
## DAMAGES

47. Responding to Paragraph 47, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein. Further answer, OYO states that the allegations contained in Paragraph 47 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that Plaintiffs are entitled to relief.

## VI.
## PREJUDGMENT/POST-JUDGMENT INTEREST

48. Responding to Paragraph 48, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein. Further answer, OYO states that the allegations contained in Paragraph 48 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that Plaintiffs are entitled to relief.

## VII.
## NOTICE/CONDITIONS PRECEDENT

49. The allegations contained in Paragraph 49 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## VIII.
## ALTERNATIVE PLEADING

50. The statements contained in Paragraph 50 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## IX.
## NOTICE OF INTENT

51. The statements contained in Paragraph 51 do not require a responsive pleading. To the extent an answer is required, OYO denies the allegations contained therein.

## X.
## JURY DEMAND

52. The statements contained in Paragraph 52 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that Plaintiffs are entitled to relief.

## XI.
## PLAINTIFF'S ORIGINAL CLASS ACTION

53. The statements contained in Paragraph 53 are legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that Plaintiffs Shree Veer and Chief Hospitality are class representatives. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

## XII.
## THE PARTIES

54. OYO denies that Plaintiffs are franchisees of OYO. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements. Further answering, the allegations contained in Paragraph 54 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

55. OYO admits that it is a Delaware corporation, that its principal place of business is located in Dallas, Texas, and that it is engaged in the hotel business in the State of Texas. OYO denies all the remaining allegations contained in Paragraph 55.

## XIII.
## STATEMENT OF CLASS FACTS

56. OYO denies that Plaintiffs and the putative class members were franchisee-hotel-operators of OYO. OYO denies that Plaintiffs and the putative class are entitled to relief on any cause of action. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements. Otherwise, the allegations contained in Paragraph 56 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

57. OYO denies that Plaintiffs have been in a hotel franchisor/franchisee agreement with OYO. OYO further denies that Plaintiffs are franchisees. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements. Otherwise, the allegations contained in Paragraph 57 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

58. OYO denies the allegations contained in Paragraph 58. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

59. OYO denies that Plaintiffs are franchisees. Further answering, OYO is without sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 59 and on that basis, deny the same.

60. OYO denies the allegations contained in Paragraph 60.

## XIV.
## PUTATIVE CLASS MEMBERS

61. OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements. Further answering, OYO is without sufficient information at this time to admit or deny the allegations contained in Paragraph 61 and on that basis, deny the same. Otherwise, the allegations contained in Paragraph 61 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

62. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph 62 and on that basis, deny the same. Further answering, OYO denies that

this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

63. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph 63 and on that basis, deny the same.

64. OYO denies the allegations contained in Paragraph 64 and all of Paragraph 64's subparagraphs.

65. OYO denies the allegations contained in Paragraph 65.

66. OYO denies the allegations contained in Paragraph 66.

67. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph 67 and on that basis, deny the same.

68. OYO denies the allegations contained in Paragraph 68. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

69. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph 69 and on that basis, deny the same. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

## XV.
## CLASS ACTION ALLEGATIONS

70. OYO denies the allegations contained in Paragraph 70. Otherwise, the allegations contained in Paragraph 70 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

71. OYO denies the allegations contained in Paragraph 71 and in Paragraph 71's subparagraphs. Otherwise, the allegations contained in Paragraph 71 and in Paragraph 71's subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

72. OYO denies the allegations contained in Paragraph 72 and in Paragraph 72's subparagraphs. Otherwise, the allegations contained in Paragraph 72 and in Paragraph 72's subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Common Issue Predominate***

73. OYO denies the allegations contained in Paragraph 73. Otherwise, the allegations contained in Paragraph 73 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

74. The allegations contained in Paragraph 74 and all of Paragraph 74's subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

***Numerosity***

75. OYO denies the allegations contained in Paragraph 75. Otherwise, the allegations contained in Paragraph 75 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Typicality***

76. OYO denies the allegations contained in Paragraph 76. Otherwise, the allegations contained in Paragraph 76 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Adequacy of Representation***

77. OYO denies the allegations contained in Paragraph 77. Otherwise, the allegations contained in Paragraph 77 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Ascertainability***

78. OYO denies the allegations contained in Paragraph 78. Otherwise, the allegations contained in Paragraph 78 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO

denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Risk of Inconsistent Adjudications***

79. OYO denies the allegations contained in Paragraph 79. Otherwise, the allegations contained in Paragraph 79 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Manageability***

80. OYO denies the allegations contained in Paragraph 80. Otherwise, the allegations contained in Paragraph 80 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

***Superiority***

81. OYO denies the allegations contained in Paragraph 81. Otherwise, the allegations contained in Paragraph 81 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

82. OYO denies the allegations contained in Paragraph 82. Otherwise, the allegations contained in Paragraph 82 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO

denies that this case is suitable for class treatment or that Plaintiffs or the purported class could satisfy any of the class certification requirements.

## XVI.
## CLASS ACTION COUNT A: BREACH OF CONTRACT

83. Responding to Paragraph 83, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein.

84. OYO admits that it entered into the certain Marketing, Consulting and Revenue Agreement Chief Hospitality and the certain Marketing, Consulting and Revenue Management Agreement with Shree Veer. OYO's agreements with Chief Hospitality and Shree Veer speak for themselves. Further answering, Defendant is without sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 84 and on that basis, deny the same.

85. OYO denies the allegations contained in Paragraph 85, otherwise the allegations contained in Paragraph 85 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

86. The allegations contained in Paragraph 86 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

87. The allegations contained in Paragraph 87 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## XVII.
## CLASS COUNT B: FRAUD BY NONDISCLOSURE

88. Responding to Paragraph 88, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein.

89. OYO admits that it entered into the certain Marketing, Consulting and Revenue Agreement Chief Hospitality and the certain Marketing, Consulting and Revenue Management Agreement with Shree Veer. OYO's agreements with Chief Hospitality and Shree Veer speak for themselves. Further answering, Defendant is without sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 89 and on that basis, deny the same.

90. The allegations contained in Paragraph 90 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

91. OYO denies the allegations contained in Paragraph 91. Otherwise, the allegations contained in Paragraph 91 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

92. The allegations contained in Paragraph 92 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

93. The allegations contained in Paragraph 93 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

94. OYO denies the allegations contained in Paragraph 94. Otherwise, the allegations contained in Paragraph 94 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

95. The allegations contained in Paragraph 95 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

96. OYO denies the allegations contained in Paragraph 96.

97. OYO denies the allegations contained in Paragraph 97.

## XVIII.
## CLASS COUNT C: FRAUD/FRAUDULENT INDUCEMENT

98. Responding to Paragraph 98, OYO incorporates its responses to all of the preceding paragraphs as if set forth fully herein.

99. OYO admits that it entered into the certain Marketing, Consulting and Revenue Agreement Chief Hospitality and the certain Marketing, Consulting and Revenue Management Agreement with Shree Veer. OYO's agreements with Chief Hospitality and Shree Veer speak for themselves. Further answering, Defendant is without sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 99 and on that basis, deny the same.

100. The allegations contained in Paragraph 100 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

101. The allegations contained in Paragraph 101 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

102. The allegations contained in Paragraph 102 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

103. The allegations contained in Paragraph 103 and all of its subparagraphs state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

104. The allegations contained in Paragraph 104 state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein.

## XIX.
## DEMAND FOR JURY TRIAL

105. The allegations contained in Paragraph 105 state legal conclusions to which no response is required.

## XX.
## PRAYER

106. The prayer for relief, including all allegations set forth in the subparagraphs therein, state legal conclusions to which no response is required. To the extent an answer is required, OYO denies the allegations contained therein. Further answering, OYO denies deny that Plaintiffs are entitled to relief.

## DEFENDANT OYO'S DEFENSES, AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon the Plaintiffs. Defendant has not knowingly or intentionally waived any applicable affirmative defenses. Defendant presently lacks sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses, and expressly reserves all rights with respect to all other affirmative defenses that may be revealed during the course of discovery.

### FIRST DEFENSE

The Complaint fails to state a claim against OYO upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

**THIRD DEFENSE**

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches or the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any actual damages.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, on the grounds that Plaintiffs may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the conduct, actions, and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought thereby.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

**NINTH DEFENSE**

Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence in order to avoid incurring the damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiffs were proximately caused and contributed to by the negligence of Plaintiffs.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the conduct, action, and inactions of Plaintiffs, which amount to and constitute a waiver of any right or rights Plaintiffs may or might have in relation to the matters alleged in the Complaint.

**TWELFTH DEFENSE**

Plaintiffs are barred from recovery, in whole or in part, in that any damage, injury, and/or harm sustained by Plaintiffs were the direct and proximate result of the independent, intervening, negligent, criminal, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no injury or actual damages as a result of any act, conduct, or practice of Defendant.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the conduct, actions, and inactions of Plaintiffs under the doctrine of ratification.

**FIFTEENTH DEFENSE**

At all relevant times, Defendant acted in good faith in its dealings, if any, with Plaintiffs. As such, it would be inequitable to award Plaintiffs damages in any amount.

**SIXTEENTH DEFENSE**

Plaintiffs' alleged injuries are not traceable to the allegedly violative conduct.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of prior material breach and/or discharge by Plaintiffs' repudiation of a dependent promise and/or Plaintiffs' material

breach.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, if any.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by failure to perform conditions precedent and/or by the existence of a condition subsequent.

**TWENTY-SECOND DEFENSE**

Plaintiffs wrongly contends that OYO was not authorized to declare rooms unavailable due to the COVID-19 pandemic and national, state and local emergency orders.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because OYO's performance was excused under the doctrine of impossibility or impracticability of performance given the COVID-19 pandemic and national, state and local emergency orders.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the agreements between each Plaintiffs and OYO were modified and OYO complied with the terms of the modification.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of legal justification or

privilege. OYO exercised its rights under its agreements with each Plaintiff. For example, OYO was entitled to declare rooms unavailable for any reason and was entitled to terminate the agreements without cause upon thirty days' notice. OYO's exercise of its rights under the agreements cannot constitute a breach of the agreements. Further, OYO was entitled to declare rooms unavailable due to the COVID-19 pandemic and national, state and local emergency orders.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the plain terms of the applicable agreement(s).

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on law other than the governing or applicable law contained in the applicable agreement(s).

**TWENTY-EIGHTH DEFENSE**

OYO alleges that it has appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in Plaintiffs' Complaint.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims do not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**THIRTIETH DEFENSE**

Plaintiffs' claims for punitive damages are barred, in whole or in part, because any award of such damages is unconstitutional under applicable law including, but not limited to, the United States and Texas Constitutions, respectively. In support of this assertion, Plaintiffs asserts, without limitation, that:

a. The claim violates its right to equal protection under the law as guaranteed by the United States Constitution and the Texas Constitution;

b. The claim violates the open courts provision of the Texas Constitution;

c. The claim violates its right to procedural due process and the prohibition against excessive fines and penalties under the Fourteenth Amendment of the United States Constitution and the due process clause of the Texas Constitution;

d. The claim violates its right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 10 and 13 of the Texas Constitution; and

e. The claim violates its right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution.

The imposition of punitive damages would constitute an unconstitutional penalty based on the exercise of constitutionally protected rights to open courts, due process, and equal protection, thereby violating applicable law, including the Texas and United States Constitutions. Absent clear and convincing evidence of the liability bases for and the amount of the award of punitive damages, the award of such damages would violate the due process rights of OYO guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**THIRTY-FIRST DEFENSE**

Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant OYO Hotels Inc., respectfully requests that the Court deny the relief requested in Plaintiff's Second Amended Complaint and Class Action in its entirety, dismiss this action, and grant Defendant such other and further relief to which they may be justly entitled.

Dated: September 23, 2022.

Respectfully submitted,

*/s/ Meagan Martin Powers*______
Meagan Martin Powers
State Bar No. 24050997
Katherine M. Anand
State Bar No. 24050223
M. Angelita Delgadillo
State Bar No. 24072507
**MARTIN POWERS & COUNSEL, PLLC**
1431 Greenway Drive, Suite 950
Irving, TX 75038
Telephone: (214) 612-6474
Direct Line: (214) 612-6471
Facsimile: (214) 247-1155
meagan@martinpowers.com
katie@martinpowers.com
angelita@martinpowers.com

**ATTORNEYS FOR DEFENDANT OYO HOTELS, INC.**

## Certificate of Service

I hereby certify that on September 23, 2022, a true and correct copy of the above and foregoing document was served electronically upon all parties of record through the Court's electronic filing system.

*/s/ M. Angelita Delgadillo*
M. Angelita Delgadillo