**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** ***on behalf of themselves and all other similarly situated*****,** | § | |
| **and CHIEF HOSPITALITY, LLC,** | § | **CIVIL ACTION NO: 3:20-CV-3268-L** |
| ***Plaintiffs*****,** | § | |
| **v.** | § | |
| | § | |
| **OYO HOTELS, INC.,** | § | |
| ***Defendant*****.** | § | |

---

**JOINT STATUS REPORT**

---

COME NOW, Shree Veer Corporation and Chief Hospitality, LLC, Plaintiffs, and OYO Hotels, Inc., Defendant, in the above entitled and numbered civil action and respectfully file this Joint Status Report in accordance with the Order Requiring Attorney Conference and Status Report (ECF Doc. 33), and would show the Court as follows:

The parties, through their respective counsel Jeremy (Beau) Powell and Nathaniel Plemons, conferred on March 8, 2023 via telephone and continued to confer thereafter via telephone and email regarding the contents of this Report. Counsel conferred in accordance with Rule 26(f) and prepared this Joint Report in conjunction with the conference.

**1. A brief statement of the nature of the case, including the contentions of the parties;**

Plaintiffs contend they were defrauded and fraudulently induced into signing OYO's Marketing, Consulting, and Revenue Management Agreements. Plaintiffs further contend that OYO defrauded Plaintiffs out of Minimum Revenue Guarantee payments required by the Marketing, Consulting, and Revenue Management Agreements; or, in the alternative, OYO breached the Marketing, Consulting, and Revenue Management Agreements by refusing to pay the Minimum Revenue Guarantee payments. OYO's actions and inactions have caused Plaintiffs substantial damage.

Defendant contends that no fraud occurred at all. Plaintiffs entered the Agreements of their own volition in arms-length transactions conducted by sophisticated businesspersons. Further, Defendant contends, without limitation, that Plaintiffs committed prior material breach of the Agreements rendering them ineligible for the Minimum Revenue Guarantee

payments, that Plaintiffs failed to mitigate their damages, and that performance as anticipated at the time of contract was rendered impossible and impracticable by the COVID-19 Pandemic. Defendant finally contends that this case is not suited for class action treatment for many reasons, including the fact that many putative class action members already pursued and continue to pursue claims based on the transactions and occurrences contained in Plaintiffs' live pleading against Defendant without any need for class certification whatsoever. *See supra* § 12 (providing a list of Related Cases).

**2. Any challenge to jurisdiction or venue;**

N/A

**3. Any pending or contemplated motions and proposed time limits for filing motions;**

Plaintiffs intend to file a motion for class certification and, potentially, a motion for summary judgment.

Defendant intends to file a motion for summary judgment. Defendant reserves its rights to file any other motion as permitted under the Federal Rules of Civil Procedure and applicable law. Nothing in this Joint Status Report should be construed as Defendant waiving its rights to assert any claims, defenses, or submit any Motions as permitted by the Federal Rules of Civil Procedure and applicable law.

Proposed deadlines are set forth in the parties' proposed scheduling order and discovery control plan, submitted contemporaneously with this Joint Status Report as **Exhibit 1**.

**4. Any matters which require a conference with the court;**

Depending on the Court's ruling on class certification, the parties request a settlement approval conference with the Court thirty (30) days before the trial setting.

The parties otherwise do not foresee any matters requiring a conference with the Court at this time but reserve their right to request a conference if the need arises and as permitted by the Federal Rules of Civil Procedure and applicable law.

**5. Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings;**

Plaintiff does not anticipate joining any additional parties other than putative class plaintiffs.

Defendant does not anticipate joining any additional parties. Defendant submits that the time for the amendment of pleadings has passed, as this case has been on file for several years and has already undergone multiple rounds of Motion to Dismiss practice.

6. **(a) An estimate of the time needed for discovery, with reasons; (b) a specification of the subjects on which discovery may be needed, and (c) limitations, if any, that should be placed on discovery.**

(a) The parties' estimates of time needed for discovery are set forth in the parties' proposed discovery control plan, submitted contemporaneously with this Joint Status Report as **Exhibit 1**. The parties agree to the attached Discovery Control Plan except for as noted below in section 6(d), where the parties provide their respective positions on disputed matters and submit them for the Court's review and consideration.

(b) The parties believe discovery should be bifurcated to include a limited, initial round of class discovery regarding the suitability of Plaintiffs' claims for class certification. After the Court rules on the class certification issue, merits discovery on the live claims brought and defenses asserted by the parties in this case may commence.

(c) Discovery during the limited class discovery period shall be limited to issues concerning the suitability of Plaintiffs' claims for class certification. Discovery during the merits period shall be conducted in a manner consistent with the Federal Rules of Civil Procedure and other applicable law. Other than bifurcating class discovery and merits discovery, the parties do not believe any additional limitations should be placed on discovery other than those laid out in the Federal Rules of Civil Procedure and applicable law.

(d) Disputed Discovery Matters: the parties, after conferring, could not come to agreement regarding certain aspects of the proposed Scheduling Order and Discovery Control Plan. The parties offer their respective positions on disputed matters below in accordance with the Court's Order and submit them for the Court's review and consideration:

a. Plaintiff's perspective on limitations for Limited Class Discovery Period: Due to the nature of this case, Plaintiffs contend that the parties should be exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 Interrogatory limit). Plaintiffs contend that the following limitations on Interrogatories and depositions should apply: (a) 15 Interrogatories for each party during Class Discovery outlined in Section I of **Exhibit 1**, and an additional 25 Interrogatories for each party during Discovery on the Merits as outlined in Section II of **Exhibit 1**, and (b) 4 depositions for each party during Class Discovery outlined in Section I of **Exhibit 1**, and 10 depositions for each party during Discovery on the Merits as lined in Section II of **Exhibit 1**.

b. Defendant's perspective on limitations for Limited Class Discovery Period: Defendant contends that the parties should not be exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 Interrogatory limit). Defendant contends that the following limitations on Interrogatories and depositions should apply: (a) 5 Interrogatories for each

party during Class Discovery outlined in Section I of **Exhibit 1**, with the remaining 20 Interrogatories for each party during Discovery on the Merits as outlined in Section II of **Exhibit 1**, and (b) 2 depositions for each party during Class Discovery outlined in Section I of **Exhibit 1** for durations of no longer than 4 hours per deponent, and the remaining 8 depositions for each party during Discovery on the Merits as lined in Section II of **Exhibit 1**.

**7. A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for Plaintiffs and Defendant certify they have read the *Dondi* decision as well as the Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**8. Requested trial date, estimated length of trials, and whether a jury has been demanded;**

The parties request an August 12, 2024 trial date and estimate the trial will last for one week. A jury has been demanded.

**9. Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Renée Harris Toliver per 28 U.S.C. § 636(c). The parties are to simply state that they consent or do not consent to trial before the magistrate judge. Do not state, "The parties do not jointly consent," as there can be no consent if it is not joint. The court does not wish to know the identity of the party refusing to consent. *See* Fed. R. Civ. P. 73(b);**

The parties do not consent to trial before United States Magistrate Judge Renée Harris Toliver.

**10. Prospects for settlement, and status of any settlement negotiations;**

The parties have not engaged in any in-depth settlement negotiations thus far. The parties believe that a settlement is possible and will work diligently toward that end.

**11. Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery);**

The parties believe that mediation would be the most effective means of alternative dispute resolution and believe that the mediation would be most effective after a ruling on Plaintiffs' motion for class certification. The parties will confer and agree upon a mediator before whom this mediation shall take place.

12. **Any other matters relevant to the status and disposition of this case.**

**a. Proposed Discovery Control Plan.**

Attached as **Exhibit 1** is a proposed Scheduling Order and Discovery Control Plan for the Court's review and consideration.

**b. Notice of Related Cases involving Putative Class Members litigating and who have litigated the transactions and occurrences at issue in this action.**

The following related cases concern putative class members who are already litigating the transactions and occurrences at issue in this case. These cases arose from putative class members sending demand letters to OYO threatening to file suit complaining of, among other things, the transactions and occurrences at issue in this case.

- *Pride Hospitality, LLC, v. OYO Hotels, Inc.,* Ca. No. DC-20-01963, 298th District Court of Dallas County, Texas.
- *OYO Hotels, Inc. v. Maingate Worldwide, LLC*, 6:20-cv-00961, M.D. Fla. (Originally filed as *OYO Hotels, Inc., v. Maingate Worldwide, LLC*, 3:19-cv-02909, N.D. Tex.).
- *OYO Hotels, Inc. v. Suthar Resorts, LLC et al.,* 3:20-cv-03435-N, N.D. Tex.
- *OYO Hotels, Inc. v. Om Chamunda, LLC*, 3:20-03433-N, N.D. Tex.
- *OYO Hotels, Inc. v. Jeet, LLC,* 3:20-cv-03434-N, N.D. Tex.
- *OYO Hotels, Inc. v. Elite Hospitality Inc., Maruti Hotel, LLC, Yug Hospitality, LLV, Shivangi Inc., Suthar & Suthars LLC, and Shri Rang Avdhut Corp.*, Ca. No. 20-11-14160, 457th District Court of Montgomery County, Texas.

**SUBMITTED JOINTLY:**


*/s/ Beau Powell*
Evan Lane (Van) Shaw
State Bar No. 18140500
David J. Welch
State Bar No. 24098593
Jeremy B. (Beau) Powell
State Bar No. 24099163
Janet R. Randle
State Bar No. 00792216
Law Offices of Van Shaw
2723 Fairmont
Dallas, Texas 75201
T: 214-754-7110
F: 214-754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net
janet@shawlaw.net

- and-

Shawn Lowe Desai
MI Bar No. P81845
DESAI LEGAL SERVICES
6450 Farmington Road
West Bloomfield, MI 48322
(810) 355-6134
FAX NO. (833) 465-1098
shawn@desailegalservices.com


**ATTORNEYS FOR PLAINTIFFS**


*/s/ Nathaniel A. Plemons*
Gregory A. Brassfield
State Bar No. 24079900
gbrassfield@lynnllp.com
Nathaniel A. Plemons
State Bar No. 24121059
nplemons@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue Suite 2700
Dallas, Texas 75201
Tel: 214-981-3800


**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 28th day of March 2023.

*/s/ Beau Powell*
JEREMY B. (BEAU) POWELL