**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** ***on behalf of themselves and all other similarly situated,*** **and CHIEF HOSPITALITY, LLC,** ***Plaintiffs*****,** | § § § § | **CIVIL ACTION NO: 3:20-CV-3268-L** |
| **v.** | § § | |
| **OYO HOTELS, INC.,** ***Defendant*****.** | § § | |

**PROPOSED SCHEDULING ORDER/ DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Plaintiffs") and Defendant OYO Hotels, Inc. ("Defendant") held a telephonic conference on March 8, 2023 and continued to confer thereafter. Plaintiffs and Defendant jointly submit the following Proposed Scheduling Order/Discovery Control Plan. To the extent that the parties disagree, Plaintiffs and Defendant each offer their respective positions on appropriate deadlines and limitations for the Court's consideration:

**I. Limited Class Discovery**

1. Discovery prior to class certification must be sufficient to permit the Court to determine whether the requirements of FRCP 23 are satisfied. Thus, the parties agree to enter a period of Limited Class Discovery, wherein the parties will restrict discovery to topics germane to aiding the Court in making a class certification decision. Once class certification is decided, the Court will follow the Discovery Order on the Merits outlined below in Section II.

2. Initial interrogatories and requests to produce documents pursuant to FRCP 33 and 34 shall be served on opposing parties within thirty (30) days of receipt of the opposing party's initial disclosures.

Parties shall exchange their Rule 26(a)(1) initial disclosures by April 17, 2023.

The Parties agree that Limited Class Discovery shall end on August 14, 2023.

<u>Plaintiffs' perspective on limitations for Limited Class Discovery Period</u>: Due to the nature of this case, Plaintiffs contend that the parties should be exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 Interrogatory limit). Plaintiffs contend that the following limitations on Interrogatories and depositions should apply: (a) 15 Interrogatories for each party during Class Discovery outlined in Section I, and an additional 25 Interrogatories for each party during Discovery on the Merits as outlined in Section II of this order, and (b) 4 depositions for each party during Class Discovery outlined in Section I, and 10 depositions for each party during Discovery on the Merits as lined in Section II of this order.

**ADOPTED: ____________________________**
**Judge Presiding**

<u>Defendant's perspective on limitations for Limited Class Discovery Period</u>: Defendant contends that the parties should not be exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 Interrogatory limit). Defendant contends that the following limitations on Interrogatories and depositions should apply: (a) 5 Interrogatories for each party during Class Discovery outlined in Section I, with the remaining 20 Interrogatories for each party during Discovery on the Merits as outlined in Section II of this order, and (b) 2 depositions for each party during Class Discovery outlined in Section I for durations of no longer than 4 hours per deponent, and the remaining 8 depositions for each party during Discovery on the Merits as lined in Section II of this order.

**ADOPTED: ____________________________**
**Judge Presiding**

3. Plaintiffs' depositions concerning Limited Class Discovery shall be taken on or before June 12, 2023.

4. Defendant's depositions concerning Limited Class Discovery shall be taken on or before July 12, 2023.

5. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report, if any, prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), if such report exists, as follows:

Plaintiffs' expert(s): June 12, 2023
Defendant's expert(s): July 12, 2023

6. Deposition of Class Certification expert witnesses must be taken by:
Plaintiffs' expert(s): July 3, 2023
Defendant's expert(s): August 2, 2023

7. The parties certify that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties do not anticipate a need for an ESI protocol.

8. Motions concerning Class Certification shall be filed on or before October 2, 2023 and shall not exceed 25 pages.

9. Responses to Motions concerning Class Certification shall be filed on or before October 23, 2023 and shall not exceed 25 pages.

10. Replies in support of Motions concerning Class Certification shall be filed on or before November 6, 2023 and shall not exceed 10 pages.

11. The class certification hearing, if any, will be set by separate notice on a date no later than November 13, 2023.

12. Deadlines in this Section may be extended by the Court or by written agreement of all parties.

**II. Discovery on the Merits**

1. Pursuant to Local Rule 16.3(a) the parties to this case shall enter into settlement negotiations as early as possible. At least 30 days before the trial date, the parties shall confer to discuss potential settlement.

2. The parties are ordered to complete mediation no later than May 24, 2024. The parties will meet and confer to decide an agreed-upon mediator.

3. This case is set for JURY trial on the Court's three-week docket beginning on August 12, 2024. Counsel and the parties shall be ready for trial on two (2) days' notice at any time during this three-week period.

4. The deadline for amendment of pleadings and joinder of parties has passed.

6. By May 24, 2024, all discovery, including discovery concerning expert witnesses, shall be completed.

7. Unless otherwise stipulated or directed by order, Plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) on or before March 11, 2024.

Unless otherwise stipulated or directed by order, Defendant shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) on or before April 11, 2024.

All motions challenging or seeking to disqualify expert witnesses can be filed on or before June 14, 2024.

8. Dispositive Motions shall be filed on or before June 14, 2024. Parties shall comply with the Local Rules in filing any Responses to or Replies in support of any Dispositive Motions

9. Unless otherwise directed by order, the parties must make the disclosure required by FRCP 26(a)(3)(A)-(B) by July 12, 2024. Within 14 days thereafter, a party must serve and file a list disclosing (i) any objections to the use under 26(a)(3)(A)(ii), together with the grounds therefore, that may be made to the admissibility of material identified under 26(a)(3)(A)(iii), if any.

10. By August 5, 2024 all pretrial material shall be filed with the Court. The pretrial material includes the following:

a. A joint pretrial order which is submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether the case is a jury trial or non-jury trial.

b. Each party shall provide a list of witnesses and provide the name and address of each witness and a brief narrative of the testimony to be covered by each witness.

c. Each party shall file a list of exhibits and a designation of portions of depositions to be offered at trial. The parties shall exchange a complete set of marked exhibits with opposing counsel and shall deliver on the day the case is called for trial, a set of marked exhibits to the Court's chambers. Each exhibit list shall be accompanied by a written statement, signed by counsel for each party stating as to each exhibit either (i) the parties agree to its admissibility or (ii) the admissibility of the exhibit is objected to, identifying the nature and legal basis of the objection.

d. Requested jury instructions shall be filed by each party.

e. Motions of limine, if any, shall be filed by each party. Motions in limine must be limited to matters actually in dispute after conference with opposing counsel.

f. Each party shall file proposed *voir dire* questions, if any, it would like the Court to consider asking the jury panel.

g. Trial briefs, if any, shall be filed by each party.

Deadlines in this Section may be extended by the Court or by written agreement of all parties.

Signed ___________________________.

_______________________________________

**HONORABLE SAM A. LINDSAY**
United States District Judge
Northern District of Texas

**AGREED AS TO FORM AND CONTENT:**

*/s/ Beau Powell*
Evan Lane (Van) Shaw
State Bar No. 18140500
David J. Welch
State Bar No. 24098593
Jeremy B. (Beau) Powell
State Bar No. 24099163
Janet R. Randle
State Bar No. 00792216
Law Offices of Van Shaw
2723 Fairmont
Dallas, Texas 75201
T: 214-754-7110
F: 214-754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net
janet@shawlaw.net

- and-

Shawn Lowe Desai
MI Bar No. P81845
DESAI LEGAL SERVICES
6450 Farmington Road
West Bloomfield, MI 48322
(810) 355-6134
FAX NO. (833) 465-1098
shawn@desailegalservices.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Nathaniel A. Plemons*
Gregory A. Brassfield
State Bar No. 24079900
gbrassfield@lynnllp.com
Nathaniel A. Plemons
State Bar No. 24121059
nplemons@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue Suite 270
Dallas, Texas 75201
Tel: 214-981-3800

**ATTORNEYS FOR DEFENDANT**