**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION and CHIEF HOSPITALITY, LLC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-03268-L** |
| **OYO HOTELS, INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S OBJECTION TO and MOTION to EXCLUDE PLAINTIFFS' EXPERT WITNESSES**

Pursuant to Federal Rules of Civil Procedure 7 and 26(a)(2), the Federal Rule of Evidence 702, 703, and 705, and this Court's Order of January 30, 2024 (Document No. 41), Defendant OYO Hotels Inc. ("OYO") responds to the designation of experts by Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Shree Veer" and "Chief Hospitality") made through their Rule 26 (c)(2) designation (Document No. 43) by objecting to and moving to exclude Dr. Chandrakant Shah, Shawn Desai, J. Beau Powell, David Welch, and Van Shaw as experts pursuant to the above Rules of Civil Procedure and Rules of Evidence and states as follows:

The scheduling order of this court specifically states that the parties are to file a written designation of the names and addresses of each expert witness who will testify at trial and shall otherwise comply with Rule 26(a)(2), Fed. R. Civ. P.

In regard to Dr. Shah, Plaintiff's Rule 26(a)(2) "Disclosure of Expert Testimony" (Document No. 43) states only that Dr. Shah, "the owner of the two Plaintiffs herein" is expected to testify to "All facts supporting the pleadings and damages in this case." The disclosure fails to identify what opinions to which he is expected to testify and only identifies areas of fact. No report

created by Dr. Shah is attached. No subject matter is identified or disclosed on which Dr. Shah is expected to testify pursuant to Rule of Evidence 702, 703, or 705.

In regard to the identification of Plaintiffs' attorneys for the trial of this matter, Shawn Desai, J. Beau Powell, David Welch, and Van Shaw made within the remainder of Plaintiffs' Rule 26(a)(2) designation, the identified experts do provide their reports consisting of their billing records and their agreement with Plaintiffs through Dr. Shah and their opinion regarding the reasonability of their billing should the contingency upon which payment is based occurs. However, as the court's scheduling order requires identification of experts that are to testify at the trial of this matter, if Shawn Desai, J. Beau Powell, David Welch, and Van Shaw, attorneys for Plaintiffs in the trial of this matter, testify at the trial of this matter versus within post-trial motions regarding attorney fees, they would be required to exclude themselves from the representation of the Plaintiffs pursuant to the Texas Disciplinary Rules of Professional Conduct.

Therefore, for the reasons stated above, Defendant respectfully objects to the designation of Chandrakant Shah, Shawn Desai, J. Beau Powell, David Welch, and Van Shaw as experts and moves this court to exclude them as expert witnesses at the trial of this matter as Plaintiffs fail to show that Dr. Shah will present evidence other than what he believes to be the facts of this case and all designated expert witnesses do not qualify as witnesses that are able to provide expert opinion evidence at the trial of this matter.

DATED: July 15, 2024

Respectfully submitted,

*/s/ Jesse M. Tillman, III*

Jesse M. Tillman, III
*Pro Hac Vice*
(Fed I.D. 14157)
(S.C. Bar No. 100419)
Frost Echols, LLC
P.O. Box 12645
Rock Hill, SC 29731
Phone: (803) 329-8970
Email: jay.tillman@frostechols.com
***ATTORNEYS FOR DEFENDANT***
***OYO HOTELS, INC.***

## CERTIFICATE OF SERVICE

*I hereby certify that a true and correct copy of Defendant's* ***Objection to Experts and Motion to Exclude*** *was served on Plaintiffs' counsel of record on this the 15th day of July through the Court's electronic filing system.*

*/s/ JESSE M. TILLMAN, III*
Jesse M. Tillman, III