**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** ***on behalf of themselves and all other similarly situated*****, and CHIEF HOSPITALITY, LLC,** | § | |
| ***Plaintiffs*****,** | § | **CIVIL ACTION NO: 3:20-CV-3268-L** |
| **v.** | § | |
| | § | |
| **OYO HOTELS, INC.,** ***Defendant.*** | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO AND MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES

COME NOW, Shree Veer Corporation and Chief Hospitality, LLC, Plaintiffs in the above entitled and numbered civil action, and file this Response to *Defendant's Objection to and Motion to Exclude Plaintiff's Expert Witnesses* (ECF Doc. 67) and would respectfully show the Court.

1. Defendant's motion should be denied for failure to comply with the Court's local rules requiring conferencing on matters presented to the Court.
2. Local Rule 7.1(a) and (h) required Defendant to confer on it's motion to strike. Defendant did not do so.
3. Defendant's motion presents a simple matter that could have been disposed of through a conference amongst counsel. Because Defendant failed to comply with the Court's conferencing requirements, Defendant's motion should be

disregarded or summarily denied.

4. Should the Court consider the motion, the same is easily disposed of.
5. First, as to Plaintiffs' designation of Plaintiffs' attorneys as experts, the motion should be denied because Plaintiffs will comply with Rule 54(d) in seeking their fees. Plaintiffs designated their attorneys as experts to present their fee claim via motion following the entry of judgment; Plaintiffs do not intend to call their attorneys' as experts on fees during trial.
6. Second, Plaintiffs' designation of Dr. Shah, Plaintiffs' principal, complies with the Federal Rules of Civil Procedure. Defendant complains that no report created by Dr. Shah is attached to Plaintiffs' designation. However, Dr. Shaw was not required to provide a report as Dr. Shah was not "retained or specially employed to provide expert testimony in the case or [a witness] whose duties as the [Plaintiffs'] employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Defendants also complain that no subject matter on which Dr. Shah is to testify is identified or disclosed. This is incorrect, as demonstrated by Defendant's motion. In fact, as Defendant states, Dr. Shah was designated to testify as to "[a]ll facts supporting the pleadings and damages in this case." Def.'s Br. at 1 (quoting Plaintiffs' expert disclosure (ECF Doc. 43)).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court

DENY the Defendant's motion in its entirety and award any such other and further relief to which they may be entitled, in law and in equity.

Respectfully submitted,

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 5th day of August 2024.

*/s/ Beau Powell*
JEREMY B. (BEAU) POWELL