**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** ***on behalf of themselves and all other similarly situated,*** **and CHIEF HOSPITALITY, LLC,** ***Plaintiffs*****,** | § § § § | **CIVIL ACTION NO: 3:20-CV-3268-L** |
| **v.** | § § | |
| **OYO HOTELS, INC.,** ***Defendant.*** | § § | |

**PLAINTIFFS' SECOND MOTION TO STRIKE DEFENDANT'S PLEADINGS AND FOR ENTRY OF DEFAULT JUDGMENT**

COME NOW, Shree Veer Corporation and Chief Hospitality, LLC, Plaintiffs in the above entitled and numbered civil action, and file this *Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment* and, in support thereof, would respectfully show unto the Court as follows:

I.

1. On July 24, 2024, the Court entered an order permitting the withdrawal of the third law firm that appeared on behalf of Defendant in this case. ECF Doc. 68.
2. In the July 24, 2024 Order, the Court made clear that the parties, "*especially* [Defendant's corporate representative] and Defendant, needed to move expeditiously with respect to [the Court's] instructions and orders." ECF Doc. 68 at p. 1.
3. With respect to the withdrawal sought by Defendant's attorneys, the July 24, 2024 Order required Defendant OYO to:
    a. Retain new counsel and have its new counsel file an appearance on or before August 23, 2024; and
    b. Have it's in-house counsel, who has appeared on numerous conference calls with

the Court, file a Motion for *Pro-Hac Vice* in this action.

4. OYO did not timely comply with the Court's July 24, 2024 Order. ECF Doc. 78 (Show Cause Order). However, the law firm of Friedman & Feiger, LLP did appear on behalf of OYO on August 29, 2024.

II.

5. On September 15, 2025, the law firm of Friedman & Feiger, LLP sought to withdraw as counsel for OYO. ECF Doc. 109.

6. Following an unsuccessful attempt at mediation with Magistrate Judge Toliver, the Court entered an order permitting the withdrawal of the law firm of Friedman & Feiger, LLP on November 19, 2025. ECF Doc. 116. The Court's withdrawal order provided in relevant part:

> OYO must obtain new counsel in this case by **5:00 p.m. Friday, December 5, 2025**. **No further extensions of this deadline will be granted.** This case has been pending for over five years, and the court is ready to set this case for trial without further delays. If OYO has not obtained counsel by this date, the court will impose sanctions that will include striking its pleadings, entry of default, and any other sanctions the court deems appropriate. OYO is primarily responsible for the numerous delays in this case, and it is time to move forward expeditiously.

ECF Doc. 116 (emphasis original).

7. Yet again, Defendant has not retained new counsel to appear in this matter on behalf of Defendant as instructed by the Court.

8. As a result of Defendant's failure to comply with the November 19, 2025 Order, Plaintiff seeks an order striking Defendant's defenses and entering a default judgment against Defendant.

III.

9. In federal court, a corporation is not permitted to proceed *pro se* and "[t]he 'clear rule is

'that a corporation as a fictional legal entity can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

10. "When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is the plaintiff, or strike its defenses, if it is a defendant." *Adonai Communs., Ltd. v. Awstin Invs., L.L.C.*, 2012 U.S. Dist. LEXIS 35704, *3 (N.D. Tex. 2012) (Lindsay, J.).

11. "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

12. "In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." *Id.* at 874 (collecting cases). District Courts throughout Texas have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See, e.g., PalWeb Corp. v. Vimonta*, 2003 U.S. Dist. LEXIS 14484 (N.D. Tex. 2003); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 U.S. Dist. LEXIS 12875 (S.D. Tex 2009). Indeed, this Court has reached the same conclusion. *Adonai*, 2012 U.S. Dist. LEXIS 35704, *7-8 (N.D. Tex. 2012) (Lindsay, J.).

IV.

13. This case was filed in state court on October 27, 2020 and removed to this Court on October 28, 2020. ECF Doc. 1.

14. After permitting the withdrawal of Defendant's third law firm, the Court expressly ordered Defendant to retain new counsel to appear on its behalf before August 23, 2024 and also ordered Defendant's in-house counsel to file a motion to appear *Pro-Hac Vice*. The Court also expressly warned Defendant of the need to move expeditiously with respect to the Court's instructions and orders.
15. Despite the clear Orders of the Court, Defendant failed to timely retain new counsel to appear on its behalf within the thirty-day time period ordered by the Court. Moreover, Defendant's in-house counsel did not timely file a motion to appear *Pro-Hac Vice* or otherwise appeared in this case.
16. Defendant OYO repeated the pattern again upon the withdrawal of its fourth law firm in this case and has not complied with the Court's November 19, 2025 Order.
17. For these reasons, Plaintiff seeks an order striking Defendant's pleading and entering default judgment against Defendant for liability only, with damages to be proven to the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court GRANT this motion in its entirety and award any such other and further relief to which they may be entitled, in law and in equity.

Respectfully submitted,

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 8th day of December 2025.

*/s/ Beau Powell*
JEREMY B. (BEAU) POWELL