**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION and CHIEF HOSPITALITY LLC** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-03268-L** |
| **v.** | § | |
| | § | |
| **OYO HOTELS INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND MOTION TO STRIKE DEFENDANT'S PLEADINGS AND FOR ENTRY OF DEFAULT JUDGMENT, AND MOTION TO EXTEND TIME PURSUANT TO RULE 6(b)(1)(B)**

OYO Hotels, Inc. ("Defendant") in the above entitled and numbered civil action, and files this Response to Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC's ("Plaintiffs") Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment and Motion to Extend Time Pursuant to Rule 6(b)(1)(B), in support thereof, would respectfully show unto the Court as follows:

1. On November 19, 2025, this Court entered an Order [Doc. 116] that permitted the withdrawal of Defendant's prior counsel in this case and required Defendant to retain new counsel and have new counsel enter an appearance on or before December 5, 2025.

2. Defendant contacted McGlinchey Stafford, LLC ("McGlinchey") on November 19, 2025, and retained said firm as new counsel in accordance with this Court's Order. Please see the supporting Affidavit attached hereto as "Exhibit A". A fee arrangement proposal and negotiations were made with respect to important terms of the new representation engagement letter.

3. The attorney contact for the Defendant, Chantel Wonder, Esq., A Florida Attorney who intends to appear Pro Hac Vice in this matter, instructed local Texas counsel to file a Notice of Appearance on November 19, 2025, and the Defendant was informed that our Notice of Appearance would be filed on the following day.

4. However, due entirely to clerical mistakes and miscommunication occurring internally within the undersigned's law firm, the Notice of Appearance was not filed within the timeframe ordered by the Court.

5. Defendant's failure to meet the Court's deadline was not intentional or in bad faith on the part of the Defendant, and was outside of the Defendant's control. After discovery of the inadvertent non-filing, the Notice of Appearance was promptly field on December 8, 2025, three days after the date required by the Court. Plaintiff's counsel was contacted to request a withdrawal of Plaintiff's Motion for Default on the same day, but they denied the request.

6. Defendant is not proceeding pro se and dismissal is not warranted in this case. Under the governing law, a business must be represented by a lawyer in federal court. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir.2004). A court may properly dismiss a plaintiff's claims, or strike a defendant's defenses, if a business declines to hire counsel to represent it. *Adonai Communs., Ltd. v. Awstin Invs., L.L.C.*, 2012 U.S. Dist. LEXIS 35704, *3 (N.D. Tex. 2012) (Lindsay, J.). Generally, courts will admonish the corporation prior to entering a default judgment. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Here, the Court did not specifically warn in its Order that failure to retain counsel would result in a default judgment. For example, in *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003), the Court ordered the defendant to obtain substitute counsel on two occasions. In its second order, the Court admonished the Defendant that its failure to obtain counsel would cause them to suffer

default. Id. In any event, in this case, the Defendant complied with the court's order and retained counsel on November 19, 2025, and had reason to believe that a Notice of Appearance would be filed the following day. The fact that an appearance was not filed until December 8, 2025 was inadvertent and out of the control of the Defendant.

7. When a filing must be done within a specified time, Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to grant an extension after the time has expired because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Courts generally apply a four-factor test to determine whether excusable neglect exists, which includes (1) the danger of prejudice to the opposing party; (2) the length of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Spend Life Wiseley Company v. Phillips*, 700 F. Supp.3d 510, 518 (E.D. Tex. 2023).

8. There is no danger of prejudice on the Plaintiff in granting an extension from December 5, 2025, to December 8, 2025, and permitting the Notice of Appearance to stand as filed. The length of delay of three days is minimal, and the movant believed in good faith that the appearance was previously filed within the Court's deadline.

9. For these reasons, Defendant respectfully requests that the Court deny Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment and allow the Notice of Appearance filed on December 8, 2025, to stand as filed.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment, and that the Court grant relief as to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ R. Dwayne Danner*

**R. Dwayne Danner**
State Bar No. 00792443
**Chantel Wonder**
Florida Bar No.: 87601
**Charles E. Stoecker**
Florida Bar No.: 92560
ddanner@mcglinchey.com
cwonder@mcglinchey.com
cstoecker@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
6688 N. Central Expressway, Suite 400
Dallas, Texas 75206
Phone: 214-445-2445
Facsimile: 214-445-2450

**ATTORNEYS FOR DEFENDANT/ COUNTER-PLAINTIFF OYO HOTELS INC**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing this motion, I discussed the relief requested in this motion via telephone with the Plaintiff on December 8, 2025, who declined to withdraw their motion.

*/s/ Dwayne Danner*
Dwayne Danner

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to Plaintiffs, by and through their attorney of record, by operation of the Court's electronic filing system or by email as follows:


EVAN LANE (VAN) SHAW
JEREMY B. (BEAU) POWELL
DAVID J. WELCH
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

***ATTORNEYS FOR PLAINTIFFS***


*/s/ Dwayne Danner*
Dwayne Danner