**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** ***on behalf of themselves and all other similarly situated,*** **and CHIEF HOSPITALITY, LLC,** ***Plaintiffs*****,** | § § § § | **CIVIL ACTION NO: 3:20-CV-3268-L** |
| **v.** | § § | |
| **OYO HOTELS, INC.,** ***Defendant.*** | § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO STRIKE DEFENDANT'S PLEADINGS AND FOR ENTRY OF DEFAULT JUDGMENT**

COME NOW, Shree Veer Corporation and Chief Hospitality, LLC, Plaintiffs in the above entitled and numbered civil action, and file this *Reply in Support of Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment* and, in support thereof, would respectfully show unto the Court as follows:

I.

1. Defendant contends the Court did not specifically warn in its Order that failure to retain counsel would result in a default judgment. ECF Doc. 120 at ¶ 6.
2. To the contrary, the Court has repeatedly provided admonishments and warnings to Defendant regarding the need to observe and adhere to the Court's orders.
3. Such warnings began no later than July 24, 2024. ECF Doc. 68 (Court "remind[ing] the parties that everyone, *especially* [Defendant's corporate representative] and Defendant, needed to move expeditiously with respect to its instructions and orders.") (emphasis original).
4. Defendant did not comply with the July 24, 2024 order. *See* ECF Doc. 78 (Show Cause Order).

5. More recently, on November 19, 2025, in connection with the withdrawal of the fourth law firm to represent Defendant in this case, the Court entered an order expressly stating:

> OYO must obtain new counsel in this case by **5:00 p.m. Friday, December 5, 2025**. **No further extensions of this deadline will be granted.** This case has been pending for over five years, and the court is ready to set this case for trial without further delays. If OYO has not obtained counsel by this date, the court will impose sanctions that will include striking its pleadings, entry of default, and any other sanctions the court deems appropriate. OYO is primarily responsible for the numerous delays in this case, and it is time to move forward expeditiously.

ECF Doc. 116 (emphasis original).

6. There is no dispute that Defendant again failed to comply with the Court's November 19, 2025 order. *See* ECF Doc. 118 (notice of appearance filed on December 8, 2025).

7. Defendant continues to demonstrate a clear pattern of delay.

8. Defendant contends its present counsel was retained on November 19, 2025, and a notice of appearance was to be filed on November 20, 2025. ECF Doc. 120-1 at ¶ 4. Defendant offers no explanation as to why the notice of appearance was not filed until nearly three weeks after it was *supposed to be filed*.

II.

9. "When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is the plaintiff, or strike its defenses, if it is a defendant." *Adonai Communs., Ltd. v. Awstin Invs., L.L.C.*, 2012 U.S. Dist. LEXIS 35704, *3 (N.D. Tex. 2012) (Lindsay, J.).

10. "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

11. In *Memon*, the Fifth Circuit stated that trial courts "*might*, inter alia, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file." *Memon*, 385 F.3d at fn 5 (emphasis added).
12. The *Memon* court went on to explain that "[i]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." *Id*. at 874 (collecting cases). District Courts throughout Texas have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See, e.g., PalWeb Corp. v. Vimonta*, 2003 U.S. Dist. LEXIS 14484 (N.D. Tex. 2003); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 U.S. Dist. LEXIS 12875 (S.D. Tex 2009). Indeed, this Court has reached the same conclusion. *Adonai*, 2012 U.S. Dist. LEXIS 35704, *7-8 (N.D. Tex. 2012) (Lindsay, J.).
13. That is exactly what happened here, on multiple instances.
14. Given these facts, the Court would be well-within its discretion in entering an order striking the appearance of McGlinchey Stafford, PLLC and entering a default judgment of liability against Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court strike the appearance of Defendants newly retained counsel, enter a default judgment of liability against Defendant, set a hearing to determine Plaintiffs damages and award any such other and further relief to which they may be entitled, in law and in equity.

Respectfully submitted,

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 5th day of January 2026.

*/s/ Beau Powell*
JEREMY B. (BEAU) POWELL