# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION and CHIEF HOSPITALITY LLC** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-03268-L** |
| **v.** | § | |
| | § | |
| **OYO HOTELS INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO STRIKE DEFENDANT'S PLEADINGS AND FOR ENTRY OF DEFAULT JUDGMENT**

OYO Hotels, Inc. ("Defendant") in the above entitled and numbered civil action, and hereby files this Sur-Reply in Opposition to Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC's ("Plaintiffs") Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment and in support thereof would respectfully show unto the Court as follows:

I.

1. Plaintiffs wrongfully argue in their Reply that the Defendant's untimely filing of the notice of appearance at issue demonstrates a pattern of delay on the part of the Defendant, and that no explanation was given as to why the notice was filed late[1].

2. However, as explained in Defendant's Response, the failure to file the notice of appearance was due entirely to clerical errors and miscommunications occurring at the undersigned's firm and is not attributable to any misconduct on the part of the Defendant or from a pattern of delay. [2]

[1] EFC Doc. 121 at ¶¶ 6, 8.
[2] EFC Doc. 120 at ¶¶ 4-5

3. Additionally, the argument and caselaw included in the Plaintiffs' Reply are not analogous to our facts as they involve the court's discretion to dismiss actions or strike defenses when confronted by *unrepresented* corporations that decline to retain counsel and attempt to proceed pro-se.[3]

4. The Defendant filed its Notice of Appearance on December 8, 2025, the following business day after the Court's deadline, demonstrating that it is not unrepresented or attempting to proceed pro-se.[4]

II.

5. Striking the Defendant's pleadings and rendering a default judgment is considered the severest sanction and typically requires a finding of bad faith or willful misconduct on the part of the noncompliant party.[5] When a court awards default judgment for failure to comply with court orders, "the drastic measure is to be employed only where a lesser sanction would not substantially achieve the desired deterrent effect."[6] Fifth Circuit courts have declined to impose severe sanctions where the plaintiff has not suffered substantial prejudice as a result of the delay.[7] Finally, "dismissal is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client".[8]

---

[3] EFC DOC 121 at ¶¶ 9-12
[4] EFC Doc. 118
[5] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)
[6] *U.S. v. Real Property Known as 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 660 (5th Cir. 2014)
[7] *See Finch v. Big Chief Drilling Co.*, 56 F.R.D. 456, 458 (E.D. Tex. 1972) ("plaintiff has failed to show any prejudice to him as a result of this ten-day delay"), *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 22011) (The court noted that striking pleadings for minimal delays was disproportionate to the violation).
[8] *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980).

6. The Plaintiffs are not prejudiced by the one-day delay caused by the filing of the notice of appearance on Monday, December 8, 2025.

7. The missed deadline was not due to bad faith or willful misconduct of the Defendant, nor is it part of any pattern of delay, as it is attributable solely to errors and miscommunications on the part of the undersigned's firm.

8. The Plaintiffs' desired sanction is not necessary to achieve the Court's desire to move forward expeditiously without further delays, as the Defendant has already retained counsel.

9. Imposition of the harshest sanctions of striking the appearance of the undersigned and entering a default judgment of liability against the Defendant is inappropriate and disproportionate to the violation given these facts.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment, and that the Court grant relief as to which Defendant may be justly entitled.

Respectfully submitted,

By: *_/s/ R. Dwayne Danner_*

**R. Dwayne Danner**
State Bar No. 00792443
**Chantel Wonder**
Florida Bar No.: 87601
**Charles E. Stoecker**
Florida Bar No.: 92560
ddanner@mcglinchey.com
cwonder@mcglinchey.com
cstoecker@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
6688 N. Central Expressway, Suite 400
Dallas, Texas 75206
Phone: 214-445-2445

Facsimile: 214-445-2450

**ATTORNEYS FOR DEFENDANT/ COUNTER-PLAINTIFF OYO HOTELS INC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of January, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to Plaintiffs, by and through their attorney of record, by operation of the Court's electronic filing system or by email as follows:

EVAN LANE (VAN) SHAW
JEREMY B. (BEAU) POWELL
DAVID J. WELCH
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

***ATTORNEYS FOR PLAINTIFFS***

*/s/ Dwayne Danner*
Dwayne Danner