IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** *on behalf of themselves and all others similarly situated,* **and CHIEF HOSPITALITY, LLC,** | § | |
| Plaintiffs, | § | |
| **v.** | § | **Civil Action No. 3:20-CV-3268-L** |
| **OYO HOTELS, INC.,** | § | |
| Defendant. | § | |

**ORDER**

For the reasons stated on the record in open court during the hearing on February 12, 2026, rather than strike Defendant OYO Hotels, Inc.'s ("Defendant") pleadings and enter a default against it, the court will impose more severe monetary sanctions than it did earlier in the case. To ensure compliance, the court will allow Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Plaintiffs") to recover their reasonable attorneys' fees and costs regarding any time expended on the following matters:

**(1) Plaintiffs' Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 75), filed August 26, 2024;**

**(2) Plaintiffs' Reply to Defendant's Response to Show Cause Order (Doc. 82), filed September 26, 2024;**

**(3) Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 117), filed December 8, 2025;**

**(4) Plaintiffs' Reply in Support of Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 121), filed January 5, 2026; and**

**(5) The Hearing held on February 12, 2026 at 10:00 a.m.**

Plaintiffs must file a statement in support of their request for attorney's fees and costs expended regarding the above listed matters along with a supporting declaration or affidavit so that the court can determine the reasonableness of the services performed and the fees and costs requested. The request for attorney's fees must be filed by **February 19, 2026**. Defendant may file a response by **March 2, 2026**, and Plaintiffs may file a reply by **March 9, 2026**.

As stated on the record in the hearing held yesterday, the court will impose additional monetary sanctions for Defendant's failure to comply with its orders. The court has not determined the amount because it will further review Defendant's history of noncompliance on other matters. Although the court directed Defendant to have someone who is authorized to speak on its behalf, no one was present to address the court. Counsel for Defendant represented to the court that Defendant knew it was to have someone present to speak on its behalf in a corporate capacity. The reason the court wanted someone present on Defendant's behalf was to inform Defendant that its conduct in dilatory actions was unacceptable, that the court would strike Defendant's pleadings and enter a default for failure to comply with its orders, and Defendant would not be granted another chance to correct its noncompliant behavior.

**It is so ordered** this 13th day of February, 2026.

Sam A. Lindsay
Sam A. Lindsay
United States District Judge