**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** on behalf of themselves and all others similarly situated, **and CHIEF HOSPITALITY, LLC,** | § | |
| Plaintiffs, | § | |
| **v.** | § | **Civil Action No. 3:20-CV-3268-L** |
| **OYO HOTELS, INC.,** | § | |
| Defendant. | § | |

**ORDER**

Before the court are Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 117) ("Second Motion to Strike"), filed December 8, 2025, and Plaintiffs' Statement in Support of Request for Attorney's Fees ("Fee Request") (Doc. 135) supported by the Declaration of Beau Powell ("Declaration") (Doc. 135-1), as well as billing records (Docs. 135-2 and 135-3). Upon review, and for the reasons set forth herein, the court **denies as moot** Plaintiffs' Second Motion to Strike and **directs** Plaintiffs to file an amended Statement and Declaration to support their request for attorney's fees.

## I. Relevant Background

Defendant Oyo Hotel's Inc. ("Defendant") has a well-documented history of noncompliance with the court's orders in this matter. *See, e.g., Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 1942130, at *2 (N.D. Tex. July 15, 2025); *Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 835339, at *6 (N.D. Tex. Mar. 17, 2025); Aug. 30, 2024 Show Cause Order (Doc. 78). Following Defendant's failure to obtain new counsel by 5:00 p.m. on December 5, 2025, as directed by the court (*see* Order, Doc. 117), Plaintiffs Shree Veer Corporation ("Shree Veer") and

Chief Hospitality, LLC ("Chief Hospitality") (collectively, "Plaintiffs") filed their Second Motion to Strike.

On February 13, 2026, the court held a hearing on numerous motions, including Plaintiffs' Second Motion to Strike. Following the hearing, the court issued an Order, stating as follows:

> For the reasons stated on the record in open court during the hearing on February 12, 2026, rather than strike Defendant OYO Hotels, Inc.'s ("Defendant") pleadings and enter a default against it, the court will impose more severe monetary sanctions than it did earlier in the case. To ensure compliance, the court will allow Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Plaintiffs") to recover their reasonable attorneys' fees and costs regarding any time expended on the following matters:
>
> (1) Plaintiffs' Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 75), filed August 26, 2024;
>
> (2) Plaintiffs' Reply to Defendant's Response to Show Cause Order (Doc. 82), filed September 26, 2024;
>
> (3) Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 117), filed December 8, 2025;
>
> (4) Plaintiffs' Reply in Support of Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 121), filed January 5, 2026; and
>
> (5) The Hearing held on February 12, 2026 at 10:00 a.m.

Order 1-2 (Doc. 134). The court directed Plaintiffs to "file a statement in support of their request for attorney's fees and costs expended regarding the above listed matters along with a supporting declaration or affidavit so that the court can determine the reasonableness of the services performed and the fees and costs requested." *Id.* at 2.

The court further noted:

> As stated on the record in the hearing held yesterday, the court will impose additional monetary sanctions for Defendant's failure to comply with its orders. The court has not determined the amount because it will further review Defendant's history of noncompliance on other matters. Although the court directed Defendant to have someone who is authorized to speak on its behalf, no one was present to

> address the court. Counsel for Defendant represented to the court that Defendant knew it was to have someone present to speak on its behalf in a corporate capacity. The reason the court wanted someone present on Defendant's behalf was to inform Defendant that its conduct in dilatory actions was unacceptable, that the court would strike Defendant's pleadings and enter a default for failure to comply with its orders, and Defendant would not be granted another chance to correct its noncompliant behavior.

*Id.*[1]

On February 17, 2026, Plaintiffs filed their Fee Request and Declaration, as well as billing records (Docs. 135-2 and 135-3). Defendant did not file any opposition or objection to the Fee Request.

## II. Legal Standard

In the Fifth Circuit, attorney's fees awards are "governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)); *see also Fluor Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *2 (N.D. Tex. Aug. 26, 2011) (Boyle, J.) (citing *Entergy Louisiana, LLC v. Wackenhut Corp.*, 2010 WL 4812921, at *2 n.1 (E.D. La. Nov. 17, 2010) (recognizing that federal law controls where the motion at issue seeks an award of sanctions, rather than award of attorney's fees)). As the matter before the court relates to an award of sanctions in the form of attorney's fees for Defendant's repeated violations of court orders, federal law governs the imposition of attorney's fees.[2]

In adjudicating an attorney's fees award, the court first calculates a "lodestar" fee by multiplying the hours expended by reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S.

[1] This Order addresses deficiencies in Plaintiffs' Statement in Support of Request for Attorney's Fees (Doc. 135). Additional monetary sanctions, if any, will be the subject of a separate order.
[2] Even were state law to apply, the court would reach the same conclusion. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

424, 433 (1983); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking the fees bears the burden of establishing the number of hours expended by presenting adequate time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

A fee applicant has the burden of justifying the reasonableness of the requested rate or rates. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hill v. Schilling*, 2022 WL 1321548, at *2 (N.D. Tex. May 3, 2022) (Lindsay, J.) (citing *Blum*, 465 U.S. at 895-96 n.11). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (citation omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (citation omitted).[3]

[3] After calculating the lodestar, the court may either (1) accept it or (2) decrease or enhance it based on the circumstances of the case, taking into account the *Johnson* factors. *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

## III. Analysis

Plaintiffs seek an hourly rate of $650.00 for Van Shaw, an hourly rate of $550.00 for David Welch, an hourly rate of $550.00 for Beau Powell, and an hourly rate of $325.00 for Shawn Desai. *See* Fee Request ¶ 3; Declaration ¶ 3.b. Information regarding each attorney's qualifications and experience is lacking, however, rendering the court incapable of determining whether the declared hourly rates are reasonable. Plaintiffs must offer evidence of each attorney's background and experience. Without any evidence of how many years each attorney has practiced law and in what field, the court is left without sufficient evidence to justify the requested hourly rates for each attorney. Otherwise stated, based on Plaintiffs' Fee Request and Declaration, the court is unable to assess whether the requested hourly rates are within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiffs' attorneys for the services performed in cases of this nature. *See Hill*, 2022 WL 1321548, at *6 ("That a particular hourly rate has been requested does not necessarily enlighten the court as to what the prevailing market rate is for attorneys with reasonably comparable skill, experience, and reputation as [Plaintiffs'] attorneys.").

Further, Plaintiffs assert that the requested hourly rates were reasonable in "Dallas County, Texas[,] and Tarrant County and surrounding areas." *See* Fee Request ¶ 3; Declaration ¶ 3.b. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hill*, 2022 WL 1321548, at *2 (citing *Blum*, 465 U.S. at 895-96 n.11). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett*, 285 F.3d at 368). "The burden is on the movant to 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates' are reasonable." *Id.* (quoting *Blum*, 465 U.S. at 896 n.11).

Here, the district court sits in Dallas, Texas. The relevant legal community for purposes of determining reasonably hourly rates is the Dallas legal community. Other than a conclusory assertion that the requested hourly rates were reasonable in "Dallas County, Texas[,] and Tarrant County and surrounding areas[,]" *see* Declaration ¶ 3.b., Plaintiffs provide no evidence of other similar awards in the relevant legal community involving cases of similar complexity by attorneys with similar levels of experience or affidavits from other attorneys. *See Alonso v. Tepa Mar Y Tierra, Inc.*, 2014 WL 12577102, at *4 (N.D. Tex. July 8, 2014) ("The requested rates must also be in line with fees charged in the community for similar services by attorneys with "reasonably comparable skill, experience, and reputation.") (collecting cases). Here, Plaintiffs have failed to provide sufficient evidence from which the court is able to conclude that the requested hourly rates are consistent with those charged by attorneys with similar levels of experience for similar legal services in the Dallas area.

## IV. Conclusion

Based on the foregoing, the court **denies as moot** Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 117), and **orders** Plaintiffs to file an Amended Statement in Support of Attorney's Fees and an Amended Declaration in support that comply with the standards set forth above. The deadline for Plaintiffs to file an Amended Statement in Support of Attorney's Fees and an Amended Declaration in support is **August 31, 2026**. Given Defendant's failure to file any objections to the original Fee Request or Declaration, Defendant has waived or forfeited any opposition and will not be permitted to respond to Plaintiffs' amended filing.

The parties must also confer and provide in writing to the court three separate months **after October 2026** in which they will be ready for trial. Further, they must inform the court in writing

how long the case will take to try, and they must provide this information to the court by **5:00 p.m.**, **August 31, 2026**.

**It is so ordered** this 19th day of August, 2026.

Sam A. Lindsay
United States District Judge