**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHREE VEER CORPORATION,** on behalf of themselves and all others similarly situated, **and CHIEF HOSPITALITY, LLC,** | § | |
| Plaintiffs, | § | |
| **v.** | § | **Civil Action No. 3:20-CV-3268-L** |
| **OYO HOTELS, INC.,** | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Following a hearing on February 12, 2026, the court imposed monetary sanctions on Defendant Oyo Hotels, Inc. ("Defendant"). Specifically, to ensure Defendant's future compliance with court orders, the court awarded Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Plaintiffs") their reasonable attorney's fees incurred in connection with the February 12 hearing and related legal briefing. *See* Sanctions Order (Doc. 134).

Before the court is Plaintiffs' Amended Statement in Support of Request for Attorney's Fees ("Amended Fee Application") (Doc. 138), with supporting exhibits, including the Declaration of David Welch ("Declaration") (Ex. 1), billing records (Exs. 2-3); and the curricula vitae for various attorneys retained by Plaintiffs in this matter (Exs. 4-7). In the Amended Fee Application, Plaintiffs request an award in the amount of $34,162.50 for attorney's fees incurred in connection with the February 12 hearing and related pleadings, as permitted in the Sanctions Order.[1] Upon

[1] In the Amended Fee Application, Plaintiffs also assert that "had this case proceeded to trial in December 2024 (as scheduled before the withdrawal of Defendant's third law firm), Plaintiffs would not have incurred" fees in the amount of $44,512.50. Am. Fee Application ¶ 7 (Doc. 138 at 2). The court **declines** to consider this portion of the Amended Fee Application, as these requested fees exceed the scope of the permitted fees. *See* Sanctions Order (Doc. 134 at 2).

review, and for the reasons set forth below, the court awards Plaintiffs the fees requested but reduces the fee award by 5% of the amount sought for failing to demonstrate that counsel exercised billing judgment.

## I. Relevant Background

Defendant has a well-documented history of noncompliance with the court's orders in this matter. *See, e.g., Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 1942130, at *2 (N.D. Tex. July 15, 2025); *Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 835339, at *6 (N.D. Tex. Mar. 17, 2025); Aug. 30, 2024 Show Cause Order (Doc. 78). Following Defendant's failure to obtain new counsel by 5:00 p.m. on December 5, 2025, as directed by the court (*see* Order, Doc. 117), Plaintiffs filed their Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment ("Second Motion to Strike") (Doc. 117).

On February 13, 2026, the court held a hearing on numerous motions, including Plaintiffs' Second Motion to Strike. Following the hearing, the court issued an Order, stating as follows:

> For the reasons stated on the record in open court during the hearing on February 12, 2026, rather than strike Defendant OYO Hotels, Inc.'s ("Defendant") pleadings and enter a default against it, the court will impose more severe monetary sanctions than it did earlier in the case. To ensure compliance, the court will allow Plaintiffs Shree Veer Corporation and Chief Hospitality, LLC ("Plaintiffs") to recover their reasonable attorneys' fees and costs regarding any time expended on the following matters:
>
> > (1) Plaintiffs' Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 75), filed August 26, 2024;
> >
> > (2) Plaintiffs' Reply to Defendant's Response to Show Cause Order (Doc. 82), filed September 26, 2024;
> >
> > (3) Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 117), filed December 8, 2025;
> >
> > (4) Plaintiffs' Reply in Support of Plaintiffs' Second Motion to Strike Defendant's Pleadings and for Entry of Default Judgment (Doc. 121), filed January 5, 2026; and

(5) The Hearing held on February 12, 2026 at 10:00 a.m.

Sanctions Order (Doc. 134 at 1-2). The court directed Plaintiffs to "file a statement in support of their request for attorney's fees and costs expended regarding the above listed matters along with a supporting declaration or affidavit so that the court can determine the reasonableness of the services performed and the fees and costs requested." *Id.* at 2.

On February 17, 2026, Plaintiffs filed their initial Statement in Support of Request for Attorney's Fees ("Original Fee Application") (Doc. 135) supported by the Declaration of Beau Powell ("Powell Declaration") (Doc. 135-1). Defendant did not file any opposition or objection to the Original Fee Application. On August 19, 2026, the court issued an Order enumerating numerous deficiencies in Plaintiffs' Original Fee Application and the Powell Declaration, set forth the legal standard in the Fifth Circuit for awarding attorney's fees, and directed Plaintiffs to file "an Amended Statement in Support of Attorney's Fees and an Amended Declaration in support" that comply with the standards set forth by the court. Order (Doc. 137 at 6). The court also noted that, "*[g]iven Defendant's failure to file any objections to the original Fee Request or Declaration, Defendant has waived or forfeited any opposition and will not be permitted to respond to Plaintiffs' amended filing*." *Id.* (emphasis added).

On August 28, 2026, Plaintiffs filed their Amended Fee Application and Declaration, as well as exhibits in support of the requested fees. Upon review, the court determines that Plaintiffs have cured the deficiencies in the Original Fee Request and have complied with the court's instructions.

## II. Legal Standard

In the Fifth Circuit, attorney's fees awards are "governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448,

461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)); *see also Fluor Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *2 (N.D. Tex. Aug. 26, 2011) (Boyle, J.) (citing *Entergy Louisiana, LLC v. Wackenhut Corp.*, 2010 WL 4812921, at *2 n.1 (E.D. La. Nov. 17, 2010) (recognizing that federal law controls where the motion at issue seeks an award of sanctions, rather than award of attorney's fees)). As the matter before the court relates to an award of sanctions in the form of attorney's fees for Defendant's repeated violations of court orders, federal law governs the imposition of attorney's fees.[2]

In adjudicating an attorney's fees award, the court first calculates a "lodestar" fee by multiplying the hours expended by reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking the fees bears the burden of establishing the number of hours expended by presenting adequate time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. The applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* (citations omitted); *see also League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The district court must eliminate excessive or duplicative time.") (citing *Watkins*, 7 F.3d at 457).

---

[2] Even were state law to apply, the court would reach the same conclusion. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

A fee applicant has the burden of justifying the reasonableness of the requested rate or rates. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hill v. Schilling*, 2022 WL 1321548, at *2 (N.D. Tex. May 3, 2022) (Lindsay, J.) (citing *Blum*, 465 U.S. at 895-96 n.11). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). The burden is on the movant to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates" are reasonable. *Blum*, 465 U.S. at 896 n.11. There is a strong presumption of the reasonableness of the lodestar. *See Saizan*, 448 F.3d at 800.

After calculating the lodestar, the court may either (1) accept it or (2) decrease or enhance it based on the circumstances of the case, taking into account the *Johnson* factors. *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Although the court can adjust the lodestar upward or downward after assessing the *Johnson* factors, the party seeking the adjustment bears the burden of establishing that an adjustment is

warranted. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (per curiam) (citation omitted). Many of the *Johnson* factors are "presumably fully reflected in the lodestar amount," and such modifications are proper only in certain "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings[.]" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citing *Blum*, 465 U.S. at 898-901). District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009).

## III. Analysis

In the Amended Fee Application, Plaintiffs seek an award of $34,162.50 for attorney's fees incurred in connection with the matters set forth in the court's Sanctions Order. Am. Fee Application ¶ 6 (Doc. 138 at 2). Plaintiffs' Amended Fee Application is supported by the Declaration of David Welch ("Mr. Welch") in which he establishes that, based on his "ten plus years with Shaw & Welch f/k/a Shaw Welch Powell," he has "become familiar with the knowledge, experience, and training of all the law firms' attorneys" and that his statements in his Declaration "concerning the attorneys [and their] knowledge, experience, and training are within [his] personal knowledge and are true and correct. *Id.* at Ex. 1, Welch Decl. ¶ 3 (Doc. 138 at 4). In his Declaration, Mr. Welch sets out the experience of the attorneys who have performed work on Plaintiffs' case relevant to the Sanctions Order, as well as their respective billing rates. *Id.* at Ex. 1, Welch Decl. ¶¶ 3-11 (Doc. 138 at 4-8).

Plaintiffs assert that, for the time period of August 2024 through January 2026, counsel at Shaw & Welch f/k/a Shaw Welch Powell ("Shaw & Welch") expended a total of 55.25 hours related to these matters, and that counsel at Desai Legal Services PLLC ("Desai Legal") spent a

total of 5.0 hours on these matters. These hours were billed through the work of two attorneys at Shaw & Welch—Van Shaw ("Mr. Shaw") and Beau Powell ("Mr. Powell")—and one attorney at Desai Legal, Shawn Desai ("Mr. Desai"). The hours incurred—for which Plaintiffs seek compensation—are 21.5 hours for Mr. Shaw at an hourly rate of $650 (for a total of $13,975); 33.75 hours for Mr. Powell at an hourly rate of $550 (for a total of $18,562.50); and 5 hours for Mr. Desai at an hourly rate of $325 (for a total of $1,625).

The court begins with determining what the reasonable hourly rates are for the attorneys who provided the services included in Plaintiffs' Amended Fee Application. As the fee applicants, Plaintiffs bear the burden of demonstrating "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (citation omitted). "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. National Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (applying federal law); *Merge Off. Interiors, Inc. v. Alfa Adhesives, Inc.*, 2020 WL 2115645, at *2 (N.D. Tex. May 3, 2020) (Lynn, C.J.) ("It is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's fees.") (citations omitted); *Hoffman v. L & M Arts*, 2015 WL 3999171, at *2 (N.D. Tex. July 1, 2015) (Fitzwater, J.) (same).

Plaintiffs assert that the hourly rates of $650.00 for Mr. Shaw, $550.00 for Mr. Powell, and $325.00 for Mr. Desai are reasonable. *See* Am. Fee Application ¶¶ 4, 8 (Doc. 138 at 2, 3). They provide support through Mr. Welch's Declaration and exhibits to his Declaration, which attest to the qualifications and experience of the attorneys. *Id.* at Ex. 1, Welch Decl. ¶ 6.b (Doc. 138 at 6);

*id.* at Ex. 4, Curriculum Vitae of Van Shaw (Doc. 138 at 32); *id.* at Ex. 6, Curriculum Vitae of J. Beau Powell (Doc. 138 at 34); *id.* at Ex. 7, Curriculum Vitae of Shawn Desai (Doc. 138 at 35-37). Mr. Welch certifies that the requested rates are lower than those charged in connection with similar services by lawyers of reasonably comparable skill, experience, and reputation in the Dallas area. *Id.* at Ex. 1, Welch Decl. ¶ 8.a–8.d (Doc. 138 at 7-8). He states, therefore, that the rates charged by counsel in this matter are "very reasonable in the Dallas legal community." *Id.*

The court concludes that the hourly rates of $650.00 for Mr. Shaw, $550.00 for Mr. Powell, and $325.00 for Ms. Desai are reasonable. As previously explained, Defendant has forfeited or waived its right to contest the reasonableness of those rates.

Mr. Shaw is an attorney at Shaw & Welch with more than 40 years' experience in the field of civil litigation and has been involved in over 2,800 civil litigation matters in Dallas, Texas, including many cases in this District. Am. Fee Application at Ex. 1, Welch Decl. ¶ 7.a (Doc. 138 at 6); *id.* at Ex. 4, Curriculum Vitae of Van Shaw (Doc. 138 at 32). Mr. Powell was formerly employed as an attorney at Shaw & Welch and has been practicing law in Dallas, Texas, for over 10 years in the field of civil litigation. *Id.* at Ex. 1, Welch Decl. ¶ 7.c (Doc. 138 at 7); *id.* at Ex. 6, Curriculum Vitae of J. Beau Powell (Doc. 138 at 34). Mr. Desai is a Michigan lawyer practicing in various federal courts since 2017 in the field of civil litigation and is co-counsel in this case. *Id.* at Ex. 1, Welch Decl. ¶ 7.d (Doc. 138 at 7); *id.* at Ex. 7, Curriculum Vitae of Shawn Lowe Desai (Doc. 138 at 35-37). The court is familiar with the prevailing market rates in the Dallas legal market for attorneys with the skill, experience, and reputation of Plaintiffs' counsel. Based on the court's knowledge of rates charged for legal services by attorneys with the level of skill, experience, and reputation as Plaintiffs' counsel in the Dallas legal community, and its experience in setting attorney's fees in hundreds of other cases, and based on the certifications in Mr. Welch's

Declaration, the court determines that the hourly rates asserted are not only reasonable but lower than attorney's fees requested by attorneys with similar levels of skill, experience , and reputation as Plaintiffs' counsel. Further, because Defendant has forfeited or waived its right to object to the hourly rate by failing to file any response or opposition to the Original Fee Request, s*ee supra*, the court may accept counsel's Declaration on the reasonable hourly rates. *See Tollett*, 285 F.3d at 369 (accepting counsel's affidavit on the reasonable hourly rate because the rate was "not contested").

Having determined that the hourly rates for Plaintiffs' attorneys are reasonable, the court next considers the time expended. To calculate the reasonable number of hours expended, the court must determine whether the total hours claimed are reasonable and whether the particular hours claimed were reasonably expended. *League of United Latin Am. Citizens*, 119 F.3d at 1232 (citations omitted). As previously noted, the applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.*

Mr. Welch has provided the court with detailed time records as evidence. *See* Am. Fee Application at Exs. 2-3 (Doc. 138 at 9-31) (invoices). He certifies that the hours expended in this matter in connection with the matters set forth by the court in its Sanctions Order were reasonable and necessary. *Id.* at Ex. 1, Welch Decl. ¶ 6.b (Doc. 138 at 5). Based on its review of the invoices and Mr. Welch's Declaration, the court concludes that the hours expended on the case were adequately documented and there is no evidence of block billing.

Mr. Welch, however, fails to provide any evidence that billing judgment was exercised by counsel. There is no evidence presented from which the court is able to conclude that the amount of fees requested takes into account hours written off as "unproductive, excessive, or redundant."

*See Saizan*, 448 F.3d at 799; *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (noting burden is on plaintiff to show he exercised billing judgment and reducing fees by 15% for failure to show exercise of billing judgment).

The billing records show the legal team expended 62.25 hours of billable work but do not record any non-billable hours or write off any hours during the litigation. *See* Am. Fee Application at Exs. 2-3 (Doc. 138 at 9-31) (invoices). The Fifth Circuit has ruled that a district court may reduce an award based on the moving party's failure to "indicat[e] time written off as excessive or unproductive" in their records. *See Saizan*, 448 F.3d at 800; *see also Walker*, 99 F.3d at 769 n.9 ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off.") (citation and internal quotation marks omitted). If there is no evidence of billing judgment, the court may reduce "the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker v. City of Mesquite, Texas*, 313 F.3d 246, 251 (5th Cir. 2002) (citation omitted). The court finds that the absence of reductions or documentation of hours written off as excessive or unproductive during the litigation indicates a lack of billing judgment. Under these circumstances, the court imposes a 5% reduction based on this deficiency. The court believes this amount is reasonable and will not entertain motions for reconsideration. *See, e.g., Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258, 262 (5th Cir. 2018) (affirming reduction in fee award by 20% for failure to show exercise of billing judgment); *Walker*, 99 F.3d at 770 (affirming reduction in fee award by 15% for failure to show exercise of billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 and n.16 (5th Cir. 1987) (affirming reduction in fee award by 13% for failure to show exercise of billing judgment); *Hill*, 2022 WL 1321548, at *7-8 (reducing fee award by 13% for failure to show exercise of billing judgment).

In summary, the court finds that the number of hours spent multiplied by the reasonable hourly rate yields a lodestar of $34,162.50. The court concludes that each *Johnson* factor permissibly considered is either subsumed within the lodestar calculation or is not sufficiently pertinent to the facts of the case to warrant discussion. The court reduces the fee award by 5% for failure to show that billing judgment was exercised.

For these reasons, based on the lodestar amount and the relevant *Johnson* factors, the court will award Plaintiffs attorney's fees in the amount of $32,454.38 (which is $34,162.50 minus 5% for failure to demonstrate the exercise of billing judgment).

## IV. Conclusion

Based on the foregoing, the court **awards** Plaintiffs their attorney's fees in the amount of **$32,454.38** (which is $34,162.50 minus 5% for failure to demonstrate the exercise of billing judgment). The court **directs** Defendant to pay Plaintiffs this amount within thirty (30) days of the date that this memorandum opinion and order is entered by the clerk of court. Further, Defendant must provide proof to the court, in writing, that payment as ordered has been made to Plaintiffs. Finally, as a further warning, the court admonishes Defendant that if it fails to comply with this or any future court order or directive, given its prior noncompliance and demonstrated effrontery,[3] the court will more likely than not strike its pleadings.

**It is so ordered** this 2nd day of September, 2026.

Sam A. Lindsay
United States District Judge

[3] The record is replete with examples of Defendant's noncompliance with court orders and failure to heed prior warnings. *See, e.g.*, *Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 1942130, at *2 (N.D. Tex. July 15, 2025); *Shree Veer Corp. v. OYO Hotels, Inc.*, 2025 WL 835339, at *6 (N.D. Tex. Mar. 17, 2025); Aug. 30, 2024 Show Cause Order (Doc. 78).